Appellant, Joseph Robert Salazar, Jr., was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975, found guilty after a jury trial of the lesser included offense of manslaughter, and sentenced to seven years in the penitentiary. He was ordered to serve two and one-half years, and the balance was suspended pending a formal probationary period of seven years. He was also ordered to pay $300 to the Victim's Compensation Commission and costs of court.
The indictment reads, in pertinent part, as follows:
 "The GRAND JURY of said County charge, that, . . . Joseph Robert Salazar . . . on or about February 20, 1984 did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Joseph Robert Salazar, and did thereby cause the death of Stephen Francis Carlisle, by his operation of a motor vehicle while under the influence of intoxicating liquors, or narcotic drugs, in violation of § 13A-6-2 of the Code of Alabama, 1975."
The case arose out of an automobile collision in Mobile County. The State's evidence *Page 1289 
showed that appellant, while traveling at a speed in excess of seventy miles per hour, either lost control of his vehicle or cut into the oncoming lane of traffic to avoid colliding with the rear of a vehicle in his lane, and struck a vehicle driven by the victim. The victim was killed instantly. There was evidence that appellant had been drinking alcoholic beverages. There were four to six beer cans in his car and he smelled of alcohol. He was given a blood alcohol test about two hours after the collision and the test disclosed a .158 percent by weight of alcohol in his blood. He admitted having two or three beers prior to the collision. The physical evidence at the scene showed that appellant's vehicle was going at a high rate of speed when it hit the slower traveling vehicle driven by the victim and that the point of impact was in the victim's lane.
Appellant offered testimony of witnesses tending to refute the allegations of intoxication. Moreover, one witness testified that she saw the victim's automobile collide with appellant's vehicle in appellant's lane of traffic while the victim was trying to pass her vehicle. Appellant did not testify. He appeals his conviction, raising one issue.
Appellant calls into question that the portion of the trial court's oral charge to the jury wherein the court charged that driving under the influence of alcohol can be driving a motor vehicle where there is .10 percent or more by weight of alcohol in the person's blood. He specifically alleges that the particular instruction amounted to a charge that the presumption, that a person with .10 percent or more by weight of alcohol in his blood is under the influence of alcohol, is conclusive and irrebuttable. He argues that, in effect, this removed from the jury's consideration the issue of whether or not appellant had rebutted the presumption created by his blood alcohol content and the ultimate issue of whether appellant was driving under the influence of alcohol at the time of the fatal collision.
The portion of the oral charge about which appellant complains is, as follows:
 "Now, this particular indictment alleges the overt act of driving under the influence of alcohol or drugs. And for purposes of this trial, you should consider that to be a charging — driving under the influence of alcohol, as the overt act embraced in the indictment. For that reason, I will tell you exactly what driving under the influence of alcohol is. Driving under the influence of alcohol can be either one of two things. It can be either driving a motor vehicle where there is .10 percent or more by weight of alcohol in the person's blood. . . . Driving under the influence of alcohol can also be driving a motor vehicle while under the influence of alcohol. That is, the second alternative does not specify the particular amount of alcohol that would be sufficient for you to find that the Defendant's capability to drive was impaired to some extent in order to establish the offense of driving under the influence, which is charged as the overt act by which the crime of murder is alleged to have been committed."
Upon conclusion of the court's oral charge, appellant took exception to the portion of the charge set out above, as follows:
 "MR. HESS [defense counsel]: Early on in the charge you gave the jury a definition of driving under the influence, in fact, you gave them two definitions. And, if I heard you correctly, the first definition you gave them is that driving under the influence is .10 of alcohol in the blood or — and then you went into the second definition — where it influences your behavior and so forth. As I understand the law of the State of Alabama that's applicable to the time of this case, is that .10 of alcohol created a presumption of intoxication but was not in and of itself an irrebuttable presumption. That's the only exception I have. . . ."
Contrary to the contention of the State, in its brief, we believe that proper objection was made to that portion of the jury instruction in question, and the trial's court's overruling of appellant's objection is properly before us for review. An oral objection to an erroneous, misleading, or *Page 1290 
incomplete oral charge, based upon specific grounds and timely made before the jury retires, is sufficient to preserve error on appeal, even though a proposed proper instruction is not submitted in writing. A.R.Crim.P.Temp. 14. See, e.g., Ex parteConnolly, 500 So.2d 68 (Ala. 1986); Ex parte Matkins,497 So.2d 201 (Ala. 1986). Although defense counsel did not request, either orally or in writing, specific instructions which would have corrected the misleading nature of the charge in question or supplemented the charge to instruct on the complete rule applicable, he specifically and timely stated the matter to which he objected and the grounds of his objection, and we hold that in the absence of a request by the trial court for additional explanatory charges, this was a proper objection under Rule 14, thus preserving this issue for our review.
Having concluded that the issue is preserved for our review, we must determine whether the charge was erroneous and, if so, constituted reversible error.
Section 32-5A-194, Code of Alabama 1975, provides in relevant part, as follows:
 "(b) Upon the trial of any civil, criminal, or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions:
". . . .
 "(3) If there were at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol.
 "(4) The foregoing provisions of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcohol."
In 22A C.J.S. Criminal Law § 579 (1961), we find the following:
 "It has been held that any presumption available in a civil case is likewise available in a criminal proceeding provided it is warranted by the facts and its application does not arbitrarily determine the case or prevent the jury from making an independent investigation of the crucial issues of fact. A presumption has been defined as an inference as to the existence of one fact from the existence of some other fact founded on a previous experience of their connection. There has been much refinement of reasoning and confusion of terms as to presumptions. Some courts distinguish between an inference and a presumption, by holding that an 'inference' is nothing more than a permissible deduction from the evidence, while a 'presumption' is compulsory, and cannot be disregarded by the jury. Also, a distinction is made between a legal presumption, which is held to be in effect a rule or conclusion of law, and a presumption of fact, which is considered to be merely a prima facie inference subject to rebuttal by testimony to the contrary.
 "Presumptions of law also are frequently classed as conclusive and rebuttable, a 'conclusive presumption' of law being deemed to be an inference which must be drawn from the proof of given facts, which no evidence, however strong, will be permitted to overthrow, while a 'rebuttable presumption' of law is an inference which obtains until overthrown by proof.
 "However, the triers of fact may find that the rebuttal evidence presented is not credible and therefore reject that evidence.
 "The triers of fact are allowed, but not compelled, to find the presumed fact on the basis of proved facts even if there is no rebuttal evidence.
". . . .
 "The legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed, and such enactments are constitutional, provided no constitutional right of accused *Page 1291 
is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed." (Footnotes omitted.)
We find in 61A C.J.S. Motor Vehicles § 633(2) (1970):
 "[E]vidence of the results of tests showing alcoholic blood content of a certain amount creates a presumption, under some statutes and decisions, that an accused driver of a motor vehicle is intoxicated or under the influence of intoxicating liquor, or that an accused is not intoxicated or under the influence of intoxicating liquor.
 "The presumption is rebuttable and not conclusive. In and of itself it may be insufficient and require other evidence to give it proper perspective in determining the ultimate fact concerning intoxication." (Footnotes omitted.)
And, in 61A C.J.S. Motor Vehicles § 633(8):
 "While a test result is entitled to prima facie weight as evidence of whether accused was under the influence of intoxicating liquor, and may be sufficient to support a finding of intoxication, it is not conclusive of the intoxication or nonintoxication of accused, whether given by police officers or scientists. . . ." (Footnotes omitted.)
In the instant case, the indictment specifically charges that appellant was driving under the influence of alcohol at the time of the fatal collision. The trial court charged the jury that the overt act alleged in the indictment by which the crime of murder was allegedly committed was the act of driving under the influence of alcohol, i.e., appellant caused the death of Carlisle "by his operation of a motor vehicle while under the influence of intoxicating liquor . . .". Thus, the question of whether or not appellant was driving under the influence of alcohol at the time of the collision was made a central issue in the case. Since it was specifically alleged in the indictment that appellant caused the death of the victim by his operation of a motor vehicle while under the influence of intoxicating liquor, it was incumbent on the State to prove this particular allegation.
We are concerned here with the effect of the presumption created by § 32-5A-194(b)(3). The courts construing this type of presumption have consistently held it to be rebuttable and not conclusive. Watkins v. United States, 589 F.2d 214 (5th Cir. 1979); Peacock v. State, 154 Ga. App. 201, 267 S.E.2d 807
(1980); State v. Hansen, 203 N.W.2d 216 (Iowa 1972); State v.Trujillo, 85 N.M. 208, 510 P.2d 1079 (App. 1973); State v.Cooke, 270 N.C. 644, 155 S.E.2d 165 (1967); State v. Adams,3 Ohio App.3d 50, 443 N.E.2d 1047 (1982). State v. Weaver,265 S.C. 130, 217 S.E.2d 31 (1975). This court, addressing this presumption, in Boyd v. City of Montgomery, 472 So.2d 694, 700
(Ala.Cr.App. 1985), stated, as follows:
 "Whether the statutory presumption of intoxication arising from the GCI reading was rebutted by the evidence was a question for the jury. 'Evidence as to the results of medical or chemical tests for intoxication is not conclusive or binding upon the jury; the weight to be given such evidence is a matter for the determination of the jury, and the guilt or innocence of the defendant is still a question to be determined on the basis of all the evidence in the case.' 7A Am.Jur.2d Automobiles at § 380."
Obviously, the legislature did not intend to create a so-called "conclusive presumption" since it specifically provided that "any other competent evidence bearing upon the question whether the person was under the influence of alcohol" may be introduced. In following our decision in Boyd v. State, supra, we hold that in § 32-5A-194(b)(3), the legislature used the word "presumption" in the sense of a permissive inference or rebuttable presumption.
Although the trial court did not characterize its instruction (that "[d]riving under the influence of alcohol can be . . . driving a motor vehicle where there is .10 percent or more by weight of alcohol in the person's blood") as a presumption, it obviously intended to instruct the jury on the *Page 1292 
presumption contained in § 32-5A-194(b)(3). It was proper to charge on the presumption, but in this case, the court simply failed to explain that this presumption is rebuttable. The trial court must adequately instruct the jury on the nature and effect of the rebuttable presumption in a criminal case such as the one before us. Without guidance as to the nature of the presumption, there is no way to know whether the jury has properly or improperly reached its verdict. A reasonable jury could well have interpreted the incomplete instruction given here, not as a rebuttable presumption at all, but rather as a direction by the court to find that appellant was under the influence of alcohol at the time of the collision, once convinced that he had .10 percent or more by weight of alcohol in his blood. The court should have instructed the jury that they may infer from the blood alcohol evidence that appellant was driving under the influence of intoxicating liquor, but they are not compelled to do so, and are to consider that evidence together with all other competent evidence in the case in determining whether the State proved beyond a reasonable doubt that appellant was under the influence of intoxicating liquor at the time of the fatal collision. The instruction as it stood, without explanation by the trial court as to the statutory presumption's rebuttable nature, was highly prejudicial to appellant and constitutes reversible error. In arriving at this conclusion, we reviewed the entire charge of the trial court. Accordingly, for the reason specified, the judgment of the trial court is reversed, and the case remanded.
REVERSED AND REMANDED.
All Judges concur.