The appellant, Leldon D. Spurlin, was convicted in Cleburne County District Court of driving on the wrong side of the road, in violation of § 32-5A-80, Code of Alabama 1975, and driving under the influence of alcohol, in violation of §32-5A-191(a)(1), Code of Alabama 1975. A trial de novo was held in Cleburne County Circuit Court, where appellant was again found guilty of these two charges. Appellant was fined $50 for the driving on the wrong side of the road conviction, and $500 for the driving under the influence conviction. Additionally, the trial court sentenced the appellant to a term of one week on the DUI conviction, but suspended all but 48 hours of this sentence. Two issues are raised on appeal.
The evidence presented by the State tended to show that on December 28, 1986, Alabama State Trooper Otis Higgins came *Page 404 
up behind a vehicle driven by appellant on Alabama Highway 9 in Cleburne County. Trooper Higgins followed the vehicle for three to five miles, during which time he observed appellant's vehicle cross the center line of the highway more than three times. Trooper Higgins then signaled for appellant to pull off the road and stop his vehicle. Appellant pulled over at the Dairy Barn, which is located at the intersection of U.S. Highway 431 and Alabama Highway 9 in Cleburne County.
After appellant pulled over, the trooper walked to appellant's truck and asked appellant for his driver's license. Appellant got out of his truck as the trooper was explaining to appellant why he had pulled him over. While talking to the appellant, Trooper Higgins noticed that appellant was swaying slightly. Appellant and the trooper then got into the trooper's car so that he could write appellant's ticket for driving on the wrong side of the road. At this time, the trooper noticed the strong odor of alcohol coming from appellant's person. Trooper Higgins informed appellant of his Miranda rights, and then asked appellant if he had consumed any alcohol. Appellant responded: "It wouldn't do any good to lie to you, I've had something to drink." After appellant failed an Alco-Sensor test and a field sobriety test, he was arrested for driving under the influence of alcohol. Subsequent testing performed at the Heflin Police Department established appellant's blood-alcohol content to be .10.
At trial, appellant offered testimony of witnesses tending to refute the allegations of intoxication. Appellant also testified in his own behalf and admitted consuming one mixed drink, but adamantly denied that he was intoxicated at the time he was stopped.
 I
Appellant first contends that the trial court erred in charging the jury that the statutory presumption of .10 percent alcohol in a person's blood was an irrebuttable presumption of intoxication.
The portion of the court's oral charge about which appellant complains is as follows:
 "Now, Mr. Spurlin, the defendant in this case, has been charged with operating a motor vehicle upon a public roadway in Cleburne County, Alabama, while there was 0.10 percent or more by weight of alcohol in his blood in violation of this Section, more particularly, Section 32-5A-191(a)(1). And I'll read that to you at this time.
 " 'A person shall not drive or be in actual physical control of any vehicle while — ' and this is the subsection (a)(1) — 'there is 0.10 percent or more by weight of alcohol in his blood.'
 "There's several other subsections which do not apply in this case because the defendant was not specifically charged with violation of those other subsections. The charge is simply that the defendant was operating a vehicle while there was 0.10 percent or more by weight of alcohol in his blood in violation of this particular Section.
 "Now, you need to note, Ladies and Gentlemen, that that is not a requirement that one accused of violating that particular subsection was physically incapable of safely driving a motor vehicle. To prove that one was driving under the influence of alcohol as charged in this particular complaint, the State must satisfy you beyond a reasonable doubt that the defendant, as named in the indictment and as charged in the original complaint — in the complaint and as charged in the original ticket, was driving a motor vehicle or a vehicle while there was 0.10 percent by weight of alcohol in his blood. That is what they must prove to you beyond a reasonable doubt."
Upon conclusion of the court's oral charge, appellant's attorney took exception to the portion of the charge set out above, stating as follows:
 "MR. COOK: The contention of the defendant that Title 32-5A-191(a)(1), as charged in this particular complaint in accordance with the Judge's charge as to what the law is, would be unconstitutional *Page 405 
in that it creates an irrebuttable presumption of guilt and, therefore, denies the defendant his rights afforded by the law of presumption of innocence until proven guilty.
 "It also is unconstitutional and ignores Title § 82-5A-192, in which it states that there were at that time 0.10 percent or more by weight of alcohol in a person's blood shall be presumed that a person was under the influence of alcohol.
 "This charge makes an irrebuttable presumption and does not take into account that — as I would contend that should be charged, that they must find that he had more than 0.10, or an amount equal to 0.10 grams of alcohol by weight, by blood. And in addition, that this amount of alcohol rendered him incapable of operating a motor vehicle safely."
The State contends, first, that this issue was not preserved for our review and, second, that our recent decision inSalazar v. State, 505 So.2d 1287 (Ala.Cr.App. 1987), has no application to the case at bar. We disagree.
Just as in Salazar, supra, we find that:
 "Contrary to the contention of the State, in its brief, we believe that proper objection was made to that portion of the jury instruction in question, and the trial's [sic] court's overruling of appellant's objection is properly before us for review. An oral objection to an erroneous, misleading, or incomplete oral charge, based upon specific grounds and timely made before the jury retires, is sufficient to preserve error on appeal, even though a proposed proper instruction is not submitted in writing. A.R.Crim.P.Temp. 14. See, e.g., Ex parte Connolly, 500 So.2d 68 (Ala. 1986); Ex parte Matkins, 497 So.2d 201 (Ala. 1986). Although defense counsel did not request, either orally or in writing, specific instructions which would have corrected the misleading nature of the charge in question or supplemented the charge to instruct on the complete rule applicable, he specifically and timely stated the matter to which he objected and the grounds of his objection, and we hold that in the absence of a request by the trial court for additional explanatory charges, this was a proper objection under Rule 14, thus preserving this issue for our review."
Id., at 1289-90. Admittedly, defense counsel's exception to the trial court's charge was not as explicit as it could have been. Nor was the applicable Code section containing the statutory presumptions correctly cited to the trial court. Nevertheless, trial counsel's comments were sufficient to put the court on notice that he objected to the trial court's charge on driving under the influence of alcohol because it created an irrebuttable presumption of guilt. Therefore, this issue has been preserved for our review.
Turning to the merits of appellant's contention, we again find that the applicable case law on this issue is contained in Salazar, supra, wherein Judge Patterson, writing for this court, stated as follows:
 "Although the trial court did not characterize its instruction (that '[d]riving under the influence of alcohol can be . . . driving a motor vehicle where there is.10 percent or more by weight of alcohol in the person's blood') as a presumption, it obviously intended to instruct the jury on the presumption contained in § 32-5A-194(b)(3). It was proper to charge on the presumption, but in this case, the court simply failed to explain that this presumption is rebuttable. The trial court must adequately instruct the jury on the nature and effect of the rebuttable presumption in a criminal case such as the one before us. Without guidance as to the nature of the presumption, there is no way to know whether the jury has properly or improperly reached its verdict. A reasonable jury could well have interpreted the incomplete instruction given here, not as a rebuttable presumption at all, but rather as a direction by the court to find that appellant was under the influence of alcohol at the time of the collision, once convinced that he had .10 percent or more by weight of alcohol in his blood. The court should have instructed the jury that they may infer from the blood alcohol evidence *Page 406 
that appellant was driving under the influence of intoxicating liquor, but they are not compelled to do so, and are to consider that evidence together with all other competent evidence in the case in determining whether the State proved beyond a reasonable doubt that appellant was under the influence of intoxicating liquor at the time of the fatal collision. The instruction as it stood, without explanation by the trial court as to the statutory presumption's rebuttable nature, was highly prejudicial to appellant and constitutes reversible error."
Id., at 1291-92. Accordingly, the appellant's conviction for driving under the influence of alcohol must be reversed.
 II
Appellant raises one other issue that is not rendered moot by this decision. In the interest of judicial economy, we will address that issue now.
Appellant further contends that since the State failed to properly amend its charges against him, it is now barred from retrying him based on former jeopardy.
After appellant appealed his convictions to circuit court, he filed a motion to dismiss, stating that the complaint as originally filed in district court named Leldon D. Sprulin as the defendant, while the complaint in circuit court named Leldon D. Spurlin (a/k/a Leldon D. Sprulin) as defendant. Appellant claims that this change created a fatal variance, and thus, was an improper change, as had been effected without his consent. Such a contention is without merit.
Rule 15.5(a), A.R.Crim.P.Temp., states that "[a] charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint." While the general rule in Alabama is that an amendment without the consent of the defendant constitutes reversible error, Styles v. State, 474 So.2d 185,188 (Ala.Cr.App. 1985), Rule 15.5(c)(2), A.R.Crim.P.Temp., provides that "[n]o charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits." Moreover, the burden of proving such prejudice is on the appellant.Styles v. State, supra, 474 So.2d at 188. Appellant has failed to prove such prejudice occurred, since it is readily apparent that the ticket written by Trooper Higgins for driving under the influence of alcohol and the solicitor's complaint for driving under the influence of alcohol were issued against the same individual — the appellant, Leldon D. Spurlin. Indeed, the solicitor's complaint makes this clear, as it charged Leldon D. Spurlin (a/k/a Leldon D. Sprulin) with driving under the influence of alcohol. Even if we were to hold that this amendment constituted error, an amendment as to an immaterial matter such as this would be harmless. See Edwards v. State,480 So.2d 1259, 1264 (Ala.Cr.App.), cert. denied,480 So.2d 1264 (Ala. 1985). Therefore, the State's amendment has no effect on appellant's conviction for driving on the wrong side of the road, and does not bar the State from retrying him for driving under the influence of alcohol.
Appellant's conviction for driving on the wrong side of the road is hereby affirmed. However, for the reason specified above, appellant's conviction for driving under the influence of alcohol is reversed, and the case remanded.
AFFIRMED IN PART;
REVERSED AND REMANDED IN PART.
All the Judges concur. *Page 407