PATTERSON, Judge.
Appellant, Kenneth Wade Bouleware, was convicted, after a jury trial, for driving under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975, and was sentenced to 12 months’ confinement in the county jail and fined $1,000. He appeals, raising one issue.
He contends that the trial court erred to reversal in giving the oral charge to the jury that, “[i]f you’re convinced beyond a reasonable doubt that a person’s blood content is more than .10, then it’s your duty to convict that person regardless of any other evidence.” He relies on Stowes v. State, 513 So.2d 86 (Ala.Cr.App.1987), and Salazar v. State, 505 So.2d 1287 (Ala.Cr.App.1986). The record shows that a blood alcohol test was given to appellant shortly after his arrest and that it disclosed a .107 percent blood alcohol content.
We have examined the oral charge and find that the trial court did, in fact, give the charge set out above. Appellant objected to the charge, and the trial court elaborated upon it; however, in our opinion, the subsequent explanation did not change what was originally stated, but reinforced it. We have held in Stowes and Salazar that the statutory presumption that a person was driving under the influence of alcohol, arising from a test indicating that there was .10 percent or more by weight of alcohol in a person’s blood, was rebuttable. The charge, as given, invaded the province of the jury and amounted to a directed verdict of guilt based upon the results of the blood alcohol test alone. The court should have instructed the jurors that they could infer from the blood alcohol evidence that appellant was driving under the influence of intoxicating liquor, but that they were not compelled to do so and were to consider that evidence together with all other competent evidence in the case in determining whether the state had proved beyond a reasonable doubt that appellant was driving under the influence of intoxicating liquor.
*1321 Accordingly, for the reason set out above, the judgment of the trial court is reversed and the case is remanded.
REVERSED AND REMANDED.
All Judges concur.