Allen Paul Mayes was convicted of DUI in violation of Ala. Code 1975, § 32-5A-191(a)(1), and was fined $500. He raises three issues on this appeal from that conviction.
 I.
The defendant argues that the State failed to lay a proper predicate for the admission of the results of a breath test because there was no evidence that the "prosecuting authority" or the "arresting jurisdiction" had approved the particular test employed.
Irondale police officer Jim Kennedy arrested the defendant for DUI and took him to the Leeds police department, where the defendant was given a breath test on the Intoxilyzer 5000. Kennedy took the defendant to Leeds because the Irondale intoxylizer operator "was not on duty that night."
Leeds police sergeant William Washington was a certified operator of the Intoxilyzer 5000. He testified that the Intoxylizer 5000 "has been approved and adapted" by the Leeds police department as the machine to be used in administering breath tests. There was no testimony as to what test had been adopted by the police department of the City of Irondale.
In pertinent part, § 32-5-192(a) provides:
 "The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered."
(Emphasis added.)
The emphasized portion of § 32-5-192(a) has been interpreted as requiring "the proponent offering the results of the chemical test [to] establish that the particular test method used has been officially approved and adopted by officials of the law enforcement agency which administered the test in question."Estes v. State, 358 So.2d 1050, 1053 (Ala.Cr.App. 1977), cert. denied, 358 So.2d 1057 (Ala. 1978) (emphasis omitted). See alsoEx parte Bush, 474 So.2d 168, 170 (Ala. 1985) ("This predicate may be established by showing, first, that the law enforcement agency has adopted the particular form of testing that was in fact used.").
Therefore, the proper predicate for the admission of a chemical test pursuant to § 32-5-192 includes a showing only that the law enforcement agency of the testing jurisdiction has adopted the particular form of test that was in fact used where the testing jurisdiction is not the same as the arresting jurisdiction, therefore, the evidence of the breath test was properly submitted.
 II.
The defendant argues that the City failed to prove a prima facie case because the intoxilyzer test operator only testified that the test results were ".204%" and did not testify .204% "by weight of alcohol" in the defendant's blood. Although there was no direct testimony that the Intoxilyzer 5000 measures blood-alcohol content, this is a legitimate inference that the jury was entitled to draw from all of the testimony presented at trial. "[W]here there is a reasonable inference deducible from the evidence of the existence of the corpus delicti, the court should submit the question of sufficiency and weight of the evidence tending to support that inference for the jury's consideration." Taylor v. State, 249 Ala. 130, 133,30 So.2d 256, 258 (1947). *Page 558 
Here, the jury was not "left in a state of confusion by the witness's failure to specifically" state that the per centage was "by weight of alcohol." Ex parte Veasey, 531 So.2d 323
(Ala. 1988).
 III.
The defendant argues that the City failed to introduce into evidence the city ordinance under which prosecution was had. "[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance." Ex parte Maxwell, 439 So.2d 715, 716 (Ala. 1983). In this case the city ordinance was never actually introduced into evidence.
After the defense had presented its case and defense counsel had made his motion for a judgment of acquittal, the following occurred:
 "MR. ENNIS [prosecutor]: Judge, for the record, before we bring the jury in we have an adopting ordinance attached to the original complaint in this case. I don't remember, and forgive me for not remembering, but I believe it was stipulated to by Mr. Parker [defense counsel] and myself that we do not need the city clerk to authenticate that particular adopting ordinance.
"MR. PARKER: Right.
 "THE COURT: All right. Then it is considered a part of it."
At the hearing on the defendant's post-trial motion for judgment of acquittal, with regard to this issue defense counsel stated, "All I stipulated was that the ordinance wouldn't have to have the clerk come up here and testify to its validity. But he never offered it into evidence." The prosecutor replied that defense counsel "was thinking one thing and I was thinking another."
In his "order denying motion for judgment of acquittal," the trial judge stated:
 "After the jury had been selected and prior to commencement of opening statement and testimony, the attorney for the city of Irondale, Mr. John Ennis advised the Court as to an agreed stipulation concerning an adopting ordinance by the city of Irondale concerning certain sections of the Code of the State of Alabama. The motion and response by Mr. Arthur Parker, attorney for the Defendant, are contained with the transcript of the proceedings attached to the order.[1]
 "The Court has further reviewed the taperecording of the portion of the proceedings as made by the Court Reporter during the course of the trial. The issue addressed in ground one of the Motion for Judgment of Acquittal by the Defendant, concerns the admission of the municipal ordinance which adopted the State Code. In reviewing the transcript of the proceedings and the tape-recording of same, the Court concluded that it was the intent of the Court at the time the stipulation was stated to the Court and it was the impression of the Court that the attorneys for the City of Irondale and for the Defendant, Alan Paul Mayes, were stipulating as to the admissibility of the municipal ordinance and the authenticity of same. It was with that stipulation that the Court accepted the adopting ordinance and considered at that time. . . . Even though not perfectly set out in the colloquy between the Court and the attorneys for the city and the Defendant, it was the intention of the Court when the Court said "alright then it is considered a part of it," that, that was an order that the adopting ordinance be admitted as an exhibit for the city." (Footnote added.)
Other than the above-quoted exchange between the prosecutor, defense counsel, and the trial judge and the written order of the trial court, the record is silent on this issue.
"[I]n the absence of the evidence and proceedings on the trial, all presumptions must be indulged in favor of the trial court. Error cannot be presumed." Thomas v. State, 231 Ala. 606,607, 165 So. 833, 834 (1936). "When there is no showing to the contrary, the presumption is always in favor *Page 559 
of correct action on the part of the trial judge." Ballard v.State, 236 Ala. 541, 542, 184 So. 260, 261 (1938). From the manner in which this issue appears in the record on appeal, this Court is bound by the finding of the trial court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] The "motion and response" are not contained in the record on appeal. There is nothing attached to the trial judge's order denying the motion for judgment of acquittal. Additionally, the stipulation made at the beginning of the trial is not contained in the record on appeal.