TYSON, Judge.
John Leonard Davis was charged with and convicted of driving under the influence in violation § 32-5A-191(a)(2), Code of *1306 Alabama 1975. The jury found him guilty of “driving under the influence of alcohol to a degree which rendered him incapable of safely operating the vehicle at the time complained of in this case” and he was fined $250 and costs. He appeals.
On the morning of October 28, 1988, State Trooper Albert Russell saw the appellant speeding and driving erratically on 1-65 near Birmingham, Alabama. After Russell stopped the appellant, he determined that the appellant was intoxicated and he arrested the appellant for driving under the influence. Russell then transported the appellant to the Jefferson County Sheriffs Department, where the appellant was given an alcohol breath test. The results of the test showed the appellant’s blood alcohol content to be .19 percent.
I
The appellant contends that the proper predicate for the admission of the Intoxilyzer 5000 test was not established because the state failed to prove that the “prosecuting authority” had designated that test for use by that authority. During the examination of Officer Virginia Pilato of the Jefferson County Sheriffs Department, who administered the test to the appellant, the following occurred:
“Q. This machine that you are talking about, I believe the Intoxilyzer 5000, has it been approved for use by the Department of Forensic Sciences?
“A. Yes, ma’am.
“Q. Is it also the machine that is commonly used by the Jefferson County Sheriff’s Department?
“A. Yes, ma’am.” (R. 85.)
In Estes v. State, 358 So.2d 1050, 1053 (Ala.Crim.App.1977), cert. denied, 358 So.2d 1057 (Ala.1978), this court held that “the proponent offering the results of the chemical test [must] establish that the particular test method used has been officially approved and adopted by officials of the law enforcement agency which administered the test in question.” (Emphasis in original.) See also Mayes v. City of Irondale, 577 So.2d 556 (Ala.Crim.App.1990). Thus, it was necessary to prove that the Jefferson County Sheriff’s Department, and not the Department of Public Safety, had approved the use of the Intoxilyzer 5000 test. Clearly, it can be inferred from Officer Pilato’s testimony that the Jefferson County Sheriff’s Department had approved the use of this particular test. There is no merit to this issue.
II
The appellant contends that reversible error occurred because Officer Pilato testified only that the results of the Intoxi-lyzer 5000 test were “.19 percent” instead of “.19 percent by weight of alcohol.” This same issue was addressed by this court in Mayes. In Mayes we stated that:
“[although there was no direct testimony that the Intoxilyzer 5000 measures blood-alcohol content, this is a legitimate inference that the jury was entitled to draw from all of the testimony presented at trial. ‘[W]here there is a reasonable inference deducible from the evidence of the existence of the corpus delicti, the court should submit the question of sufficiency and weight of the evidence tending to support that inference for the jury’s consideration.’ Taylor v. State, 249 Ala. 130, 133, 30 So.2d 256, 258 (1947). Here, the jury was not ‘left in a state of confusion by the witness’s failure to specifically’ state that the per centage was ‘by weight of alcohol.’ Ex parte Veasey, 531 So.2d 323 (Ala.1988).”
The appellant further contends that reversible error occurred because the trial court in its oral charge to the jury stated that the appellant’s blood-alcohol content was “.10 or more” and did not state that his blood-alcohol content was “.10 percent or more.” Under the reasoning set out above, the trial judge’s failure to include the word “percent” does not constitute reversible error. Certainly the jury could infer that “.10” referred to “.10 percent.”
III
The following occurred during the prosecutor’s closing argument:
*1307 “MS. PETRO [prosecutor]: That she administered the test to this man and that this man, after blowing into the machine, the results read that the percent of alcohol in his system—
“MR. PARKER [defense counsel]: We object. She didn’t testify to that, Your Honor.
“THE COURT: What did you say she testified to?
“MS. PETRO: She testified to the percent of alcohol in his system.
“MR. PARKER: She never said that.
“THE COURT: I told you just a moment ago that you heard the evidence. You will have 24 ears in there and together you decide what you heard. These lawyers have got a right to argue. Move on.
“MR. PARKER: I object to her arguing that when it’s not in evidence.
“THE COURT: Move on.
“MR. PARKER: Do you overrule me, Judge?
“THE COURT: Sure.
“MS. PETRO: Ladies and gentlemen, you have this card right back there with you and you will see where this man blew a .19.
“MR. PARKER: Objection.
“THE COURT: What these lawyers say is not the evidence. You heard the evidence from the witnesses who were sworn to tell the truth.” (R. 136-38.)
The appellant argues that the prosecutor was arguing matters not in evidence when she stated that “the results read that the percent of alcohol in his system-” be-
cause Officer Pilato never directly referred to alcohol in the appellant’s blood system. Officer Pilato testified that the Intoxilyzer 5000 measures alcohol content and, therefore, the prosecutor was arguing inferences from the evidence presented at trial. This argument lacks merit.
IV
The appellant contends that under the evidence of this case the trial judge should have instructed the jury on the offense of reckless driving as a lesser included offense of DUI. This issue has been decided adversely to the appellant. In Wright v. State, 574 So.2d 1031 (Ala.Crim.App.1990), this court stated:
“DUI and reckless driving are separate offenses and a defendant may be convicted of both offenses. Sporl v. City of Hoover, 467 So.2d 273, 274 (Ala.Cr.App.1985). However, subsection (c) of § 32-5A-190 provides: ‘Neither reckless driving nor any other moving violation under this chapter is a lesser included offense under a charge of driving under the influence of alcohol or drugs.’ Furthermore, ‘[i]t has been generally held that reckless driving is not a lesser included offense of driving while intoxicated or of variations of the latter charge.’ Annot., 10 A.L.R.4th 1252, 1253 (1981).”
Thus, there is no merit to the appellant’s contention that § 32-5A-190(c), Code of Alabama 1975, is unconstitutional since reckless driving is not a lesser included offense of DUI.
V
The appellant also argues that the trial court committed reversible error in its oral charge to the jury. The following portion of the court’s charge is relevant to this issue:
“Ladies and gentlemen, in order to convict the defendant in this case, you must believe beyond a reasonable doubt and to a moral certainty that within the jurisdiction of this Court ... the defendant, John Leonard Davis, did drive a motor vehicle while he was under the influence of alcohol to a degree which rendered him incapable of safely operating the vehicle at the time complained of in this case.
“In determining whether the defendant was under the influence of alcohol you must consider the following eviden-tiary presumptions:
“Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the per *1308 son’s blood shall give rise to the following presumption:
“Before I give you these presumptions, you must not only find the defendant is driving while under the influence, he must have been under the influence of alcohol to a degree that rendered him incapable of safely operating the vehicle.
“The law of this state includes a standard that a person is presumed to be intoxicated if the weight of alcohol in his blood is .10 or more. However, I’ll respectfully admonish and caution you that that presumption is rebuttable. You should consider all of the evidence you have heard in this case, including the exhibits submitted, if there be any such exhibits, in reaching your decision on that issue.

“Now, after considering all of the evidence in this case, if you believe beyond a reasonable doubt and to a moral certainty that the defendant had a blood alcohol content of .10 or more at the time complained of in this case, then the State has met its burden. If you do not believe, from the evidence, that the State has proven beyond a reasonable doubt and to a moral certainty that the defendant had a blood alcohol content of .10 or more at the time complained of in this case, then the State has not met its burden.

“You should not only consider these presumptions in determining whether the defendant was under the influence of alcohol, you must weigh and consider all of the evidence in determining whether the State has convinced you beyond a reasonable doubt and to a moral certainty that he was under the influence of alcohol to a degree which rendered him incapable of safely operating the vehicle on the occasion complained of in this case.
“There are two issues. You must first find and believe beyond a reasonable doubt from all the evidence in this case that the defendant was intoxicated.
“Number two, you must believe beyond a reasonable doubt and to a moral certainty that the defendant was intoxicated and under the influence of alcohol to a degree which rendered him incapable of safely operating the vehicle on the occasion complained of in this case.
[[Image here]]
“Let me say to you again that you have to make two findings in this case. You must believe beyond a reasonable doubt and to a moral certainty that the defendant was intoxicated. You must further find that he was intoxicated, and believe that beyond a reasonable doubt and to a moral certainty, that he was intoxicated beyond a degree or to a degree which rendered him incapable of safely operating the vehicle at the time complained of. You can understand that.” (R. 149-53.)
The appellant contends that the underscored portion of the court’s oral charge was misleading to the jury and “in effect charged an irrebuttable presumption of law.” (Appellant’s brief, p. 12.) We agree that this part of the court’s charge was confusing because the court failed to state what burden the state had met when the jury considered all of the evidence and concluded beyond a reasonable doubt that the appellant had a blood alcohol content of .10 or more. However, “ ‘the fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly.’ ” Williams v. State, 538 So.2d 1250, 1253 (Ala.Crim.App.1988) (quoting Harris v. State, 412 So.2d 1278, 1281 (Ala.Crim.App.1982). It is clear that the trial judge properly instructed the jury on the relevant law when the court’s charge is viewed in its entirety. Sosa v. State [Ms. 1 Div. 852, February 1, 1991] — So.2d - (Ala.Crim.App.1991). The judge told the jury that a person was presumed to be under the influence of alcohol if there was more than .10 percent alcohol content is his blood but that that was a rebuttable presumption and that the jury should consider all of the evidence before concluding that the appellant was under the influence of alcohol. He further instructed the jury that if they found that the appellant was under the influence of alcohol at the time that he was arrested, then they must further find that he was *1309 under the influence to the extent that it rendered him incapable of operating a vehicle safely. We find no error here. Compare Bouleware v. State, 557 So.2d 1320 (Ala.Crim.App.1989), cert. denied (Ala.1990) (trial judge instructed jury that it was its duty to convict the defendant if it was convinced that blood alcohol content was .10 or more); Salazar v. State, 505 So.2d 1287 (Ala.Crim.App.1986), cert. denied (Ala.1987) (trial court erred by failing to instruct jury that presumption of intoxication was rebuttable). For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.