TAYLOR, Judge.
The appellant, William Maxwell Curren, was convicted of driving under the influence of alcohol, a violation of § 32-5A-191(a)(1), Code of Alabama 1975. He was sentenced to 12 months in jail and was fined $1,000.
I
The appellant initially argues that the trial court erred in failing to instruct the jury that the presumption of intoxication when an individual’s blood alcohol content level is 0.10% is rebuttable. At the end of the oral instructions to the jury, the appellant objected, stating that the court erred in not instructing the jury that 0.10%, as a presumption of intoxication, is a rebut-table presumption. The trial court refused to instruct the jury on this presumption, stating that the rebuttable presumption did not apply here because the appellant was charged with violating § 32-5A-191(a)(l), which makes it an offense to drive a car when a person’s blood alcohol content is 0.10% or over.
The state in its brief urges us to affirm the decision of the trial court and hold that §. 13A-5A-191(a)(l) cannot be reconciled with § 32-5A-194(b)(3). The state also argues that for purposes of § 32-5A-191(a)(1), the offense is complete when an individual drives a car with a blood alcohol level of 0.10% and therefore no instruction on rebuttable presumption is necessary. The state contends that this rebuttable presumption applies only when an individual is *738 charged with driving under the influence, § 32-5A-191(a)(2).
Section 32-5A-191(a) states:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.10 percent or more by weight of alcohol in his blood;
“(2) Under the influence of alcohol; “(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;
“(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or
“(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving.”
Section 32-5A-194(b)(3) states:
“(b) Upon the trial of any civil, criminal, or- quasi-criminal action or proceedings arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under thé influence of alcohol, the amount of alcohol in the person’s blood at the time alleged as shown by chemical analysis of the person’s blood, urine, breath or other bodily substance shall give rise to the following presumptions:
[[Image here]]
“(3) If there were at that time 0.10 percent or more by weight of alcohol in the person’s blood, it shall be presumed that the person was under the influence of alcohol.”
“The statutory presumption of § 32-5A-194(b)(3) is permissive and rebuttable, not mandatory. Salazar v. State, 505 So.2d 1287 (Ala.Cr.App.1986).” Sides v. State, 574 So.2d 856, 859 (Ala.Cr.App.), aff’d 574 So.2d 859 (Ala.1990). Section 32-5A-194(b)(3) makes no distinction between § 32-5A-191(a)(l) and (a)(2).
We are compelled to reverse this case. We are controlled by precedent. Prior case law is clear that the presumption of intoxication when an individual’s blood alcohol level is 0.10% is a rebuttable presumption. “The charge, as given, invaded the province of the jury and amounted to a directed verdict of guilt based upon the results of the blood alcohol test alone.” Bouleware v. State, 557 So.2d 1320 (Ala.Cr.App.1989). In the interest of economy we will address the remaining issue raised by the appellant in his brief.
II
The appellant also argues that the trial court erred in allowing the result of the Intoxilizer 5000 test to be received into evidence. Specifically, he contends that the sample was deficient and therefore inadmissible because he blew into the machine for only three seconds instead of the required four seconds. We do not agree.
According to the Intoxilizer Electronic Alcohol-In-Breath Tester Operator’s Manual, when a subject does not provide an adequate breath sample, the instrument will show a “deficient sample,” meaning that the instrument will print the highest blood alcohol concentration value it can obtain from the sample given. Thus, the percentage figure received into evidence in this case, 0.19%, may not have been the highest that could have been obtained had the appellant blown into the machine another second. This court faced this issue in Harris v. State, 601 So.2d 1099 (Ala.Cr.App.1991), and stated that this would not affect the admissibility of the evidence but rather the weight accorded the evidence.
A proper predicate was established for the admittance of the results of the Intoxi-lizer 5000 and they were correctly received into evidence. No error occurred in their admittance.
For the reasons stated in part I this opinion, the judgment is reversed and the cause remanded to the Circuit Court for Jefferson County for proceedings consistent' with this opinion.
REVERSED AND REMANDED.
All the Judges concur.