The appellant, Richard Michael Faust, was convicted in the municipal court for the City of Gadsden of driving under the influence of alcohol (DUI), a violation of § 32-5A-191(a)(1) and (a)(2), Code of Alabama 1975. He appealed de novo to the Circuit Court for Etowah County and was found guilty of DUI. He was sentenced to serve 30 days in the Gadsden city jail, 28 days of which was suspended, and he was placed on unsupervised probation for two years and was fined $500.00.
 I
The appellant initially contends that the trial court erred in denying his motion for a judgment of acquittal made at the end of the trial. Specifically, the appellant contends that his conviction was based on circumstantial evidence and that this circumstantial evidence was insufficient to support his conviction.
The state's evidence tended to show that on March 29, 1992, the appellant visited his girlfriend, Jackie Aldridge Faust,[1] at her house several times. Mrs. Faust's neighbor, Karen Jackson, testified that on his last visit on that day the appellant ran a stop sign, which was at the end of a street directly across from the driveway, entered the driveway without stopping, and crashed into Mrs. Faust's car, which was parked in the driveway. She said that, after the incident, Mrs. Faust, who was upset and crying, came to her house. Mrs. Jackson testified that Mrs. Faust waited 10 minutes and called the police. The appellant came to the back door of Mrs. Jackson's house, but Mrs. Jackson refused to let him in. Mrs. Jackson testified that in her opinion the appellant appeared to be very sluggish and that he had been drinking. Mrs. Faust testified that she waited 45 minutes before calling the police.
Officer Gue testified that when he arrived at the scene Mrs. Faust was accusing the appellant of intentionally crashing into her car. The appellant, however, denied that his action was intentional. Officer Gue said that he detected a strong odor of alcohol on the appellant's person and breath and that he noticed that the appellant had an "unsteady gait." According to Officer Gue, the appellant admitted to having had a couple of beers, and Officer Gue administered a horizontal gaze nystagmus (HGN) test. The appellant failed the HGN test and Officer Gue placed the appellant under arrest for DUI. Officer Gue testified that it was his opinion that the appellant was under the influence of alcohol at the scene. Officer Gue testified that based on his experience, it would not have been possible for the appellant to have consumed enough alcohol between the time of the incident and the time Gue arrived at the scene to account for the level of the appellant's intoxication. Officer Gue also testified that Mrs. Faust asked him to fill out a complaint for harassment against the appellant at this time.
The appellant was then transported to the DUI booking room at the Gadsden police station. Officer Larry Phillips testified that he administered the Intoxilyzer 5000 test to the appellant after the required 20-minute waiting period, and the appellant's blood alcohol level registered .173%. However, Officer Phillips testified that the sample taken from the appellant was deficient, because the appellant refused to exhale into the instrument *Page 538 
for a sufficient time to allow the officers to obtain a sufficient sample. According to Officer Phillips, .173% was therefore the "minimum" blood alcohol level of the appellant.
The appellant testified that he stopped before entering Mrs. Faust's driveway, but that a dip in the driveway entrance somehow caused him to lose control of his pickup truck and to ram into Mrs. Faust's car. The appellant contended that he consumed three to four cans of beer after the incident but before the police arrived and that that consumption caused him to be intoxicated when Officer Gue arrived. Neither Mrs. Faust nor Mrs. Jackson saw the appellant drinking after the incident. The arresting officer, Officer Joseph Gue, testified that he did not notice any empty beer cans or bottles at the scene.
When reviewing a challenge to the sufficiency of evidence, we accept "as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution."Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). "When the court is reviewing a conviction based upon circumstantial evidence, the question that must be answered is whether 'the evidence adduced is consistent with guilt and inconsistent with any reasonable hypothesis that the [defendant] is innocent.' " Cagle v. Cityof Gadsden, 495 So.2d 1144, 1147 (Ala. 1986), quoting Ex parteWilliams, 468 So.2d 99, 102 (Ala. 1985). "Furthermore, we cannot substitute our judgment for that of the jury." Owens v. State,597 So.2d 734, 737 (Ala.Cr.App. 1992). "Whether the circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant's guilt is a question for the jury and not the court." Cumbo v. State,368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979).
"In determining whether a motorist, who is not actually seen driving the vehicle, had 'actual physical control' of the vehicle while under the influence of alcohol, through the use of circumstantial evidence, the court should look at all of the surrounding circumstances to see if there is sufficient evidence to support the conclusion that the defendant was in 'actual physical control' of the vehicle." Cagle v. City ofGadsden, 495 So.2d 1144, 1147 (Ala. 1986). Mrs. Jackson testified — and the appellant concedes — that the appellant was driving the vehicle immediately before the incident. Neither Mrs. Faust nor Mrs. Jackson saw the appellant drink any beer after the incident. There was no demonstrative evidence at the scene to suggest that the appellant had consumed beer while waiting for the police. The arresting officer was allowed to testify that in his opinion the appellant was under the influence of alcohol at the scene. The appellant failed the HGN test, and the sample taken from the appellant for purposes of the Intoxilyzer 5000 test revealed that his blood alcohol content exceeded the legal limits. The fact that the appellant's sample was deficient does not affect the admissibility of this evidence but rather goes to the weight to be accorded the evidence. Harris v. State, 601 So.2d 1099
(Ala.Cr.App. 1991).
We hold that there was sufficient evidence from which the jury could have been convinced of the appellant's guilt beyond a reasonable doubt. The trial court correctly denied the appellant's motion for a judgment of acquittal.
 II
The appellant's second contention on appeal is that the trial court erred in admitting the results from the Intoxilyzer 5000 test without first requiring the prosecution to show Officer Phillips's certification to administer the Intoxilyzer 5000 test.
The appellant has failed to preserve this issue for appeal. At no time did the appellant object to the lack of testimony concerning Officer Phillips's certification. The appellant did object to the prosecutor's method of presenting the rules and regulations concerning the Intoxilyzer 5000 test, but failed to preserve the issue of whether Officer Phillips was certified to perform the test. Therefore, this issue is presented for the first time on appeal. This is an appellate *Page 539 
court. Saffold v. State, 627 So.2d 1107 (Ala.Cr.App. 1993);R.S.B. v. State, 632 So.2d 23 (Ala.Cr.App. 1993); Trawick v.State, 431 So.2d 574 (Ala.Cr.App. 1983). We cannot consider matters that have not been presented to the trial court. Harrisv. State, 420 So.2d 812 (Ala.Cr.App. 1982).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Michael Faust and Jackie Aldridge were married after the appellant's arrest for DUI and before his trial.