704 So.2d 1030 (1996)
Stephen Philip MEININGER
v.
STATE.
CR-95-0390.
Court of Criminal Appeals of Alabama.
April 19, 1996.
As Corrected on Denial of Rehearing July 3, 1996.
Mike Mastin, Albertville, for appellant.
Jeff Sessions, atty. gen., and Jim Ippolito, asst. atty. gen., for appellee.
TAYLOR, Presiding Judge.
The appellant, Stephen Philip Meininger, was convicted of driving while under the influence of alcohol (DUI), a violation of § 32-5A-191(a)(1), Code of Alabama 1975, because he was driving when his blood alcohol level was 0.10% or greater.[1] He was sentenced to 15 days in the Calhoun County jail. His sentence was suspended, and he was put on unsupervised probation for two years.
The state's evidence tended to show that on the evening of April 8, 1995, the appellant was stopped by Alabama State Trooper David Dodgen for driving with an inoperable headlight. Trooper Dodgen testified that when he approached the appellant's vehicle to ask to see the appellant's driver's license, he smelled alcohol and saw an unopened container of beer on the front seat. He testified that after the appellant sat in his police vehicle for several minutes, he had the appellant perform some field sobriety tests. Trooper Dodgen testified that the appellant was unable to satisfactorily perform the tests.
Dodgen testified that he then placed the appellant under arrest for DUI and transported him to the county jail. Once at the jail, Dodgen testified that he waited 20 minutes and then performed two breathalizer tests on the appellant. He testified that the results of the first test showed a 0.155% blood alcohol level and the result of the *1031 second test showed a 0.165% blood alcohol level.
The appellant raises two issues on appeal.

I
The appellant first contends that the trial court erred by receiving into evidence Trooper Dodgen's testimony regarding the appellant's physical condition at the time he was stopped, the results of field sobriety tests, and his opinion of the appellant's sobriety. The appellant contends that because he was indicted under § 32-5A-191(a)(1), this testimony should not have been received into evidence. Section 32-5A-191(a) read as follows at the time of the appellant's indictment:
"(a) A person shall not drive or be in actual physical control of any vehicle while:
"(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol...."
In addition, § 32-5A-194(b)(4), Code of Alabama 1975, provides:
"(b) Upon the trial of any civil, criminal or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions:
"....
"(4) The foregoing provisions of this subsection shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcohol."
The appellant cites Curren v. State, 620 So.2d 739 (Ala.1993) (Almon, J., dissenting), in support of his contention. In Curren, the Alabama Supreme Court, reversing a judgment of this court, noted that § 32-5A-191(a)(1) is an "illegal per se" law, and that the rebuttable presumption of § 32-5A-194(b)that the defendant was intoxicated if his blood alcohol content was shown to be 0.10%did not apply to a prosecution under § 32-5A-191(a)(1). In that case, this court had held that § 32-5A-194(b) created a rebuttable presumption of intoxication in cases prosecuted under § 32-5A-191(a)(1) and that failure to charge the jury that this presumption was rebuttable "invaded the province of the jury and amounted to a directed verdict of guilt based upon the results of the blood alcohol test alone." Curren v. State, 620 So.2d 737, 738 (Ala.Cr.App.1992), rev'd, 620 So.2d 739 (Ala.1993).
The Alabama Supreme Court in Curren stated that § 32-5A-191(a)(1) makes driving a vehicle with a blood alcohol content of 0.10% a crime without reference to the effect that alcohol has on the driver and that, therefore, intoxication is not an element of the offense. In addition, the Alabama Supreme Court held that while a defendant "can offer evidence to rebut the State's evidence that his blood alcohol content was 0.10% when he was found driving, or in actual physical control of, a vehicle," he cannot introduce evidence to rebut the fact that he was intoxicated, because, as the Alabama Supreme Court stated, whether the defendant was intoxicated "is not relevant to the charge of driving or being in actual physical control of a vehicle with a blood alcohol content of 0.10% or greater." Curren, 620 So.2d at 743.
During the appellant's trial, Trooper Dodgen testified concerning his observations of the appellant's physical condition at the time he stopped the appellant, the results of the field sobriety tests he administered, and his opinion of the appellant's sobriety. The appellant contends that, because a defendant charged under § 32-5A-191(a)(1) is not allowed to rebut the presumption of intoxication by presenting evidence of his physical condition at the time of the offense, the state should also be prohibited from presenting this type of evidence.
While the language in § 32-5A-194(b)(4), Code of Alabama 1975, at first appears to indicate that the state may introduce evidence of a defendant's intoxication, upon closer inspection it appears that this section applies to prosecutions for "driving under the influence," violations of § 32-5A-191(a)(2), not to violations of § 32-5A-191(a)(1), driving *1032 with a blood alcohol content of 0.10% or greater.
"(b) Upon the trial of any civil, criminal or quasi-criminal action or proceeding arising out of the acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions...."
(Emphasis added.)
Because the section the appellant was prosecuted under, § 32-5A-191(a)(1), is an "illegal per se" law, the state is required to prove only that a defendant's blood alcohol level is 0.10% or higher. Testimony by the state trooper regarding the appellant's physical condition, his performance in field sobriety tests, and the trooper's opinion of his sobriety all go toward showing that the appellant was intoxicated and guilty of driving under the influence, a violation of § 32-5A-191(a)(2). "Evidence of any offense other than that specifically charged is prima facie inadmissible." Nicks v. State, 521 So.2d 1018 (Ala.Cr.App.1987), aff'd, 521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988).
The Alabama Supreme Court ruled in Curren that because intoxication is not an element of § 32-5A-191(a)(1), a defendant may not introduce evidence to rebut the presumption of intoxication if the defendant's blood alcohol level was 0.10% or greater. In accordance with the Supreme Court's ruling in Curren, we now hold that in prosecutions brought under § 32-5A-191(a)(1), the state may not introduce evidence of the nature of that introduced in the present case concerning a defendant's intoxication. The trial court erred by receiving into evidence Trooper Dodgen's testimony concerning the appellant's intoxication.

II
In the interest of judicial economy, we also address the appellant's second issue: whether the trial court erred by denying his motion for a judgment of acquittal. He specifically alleges that the state failed to meet its burden in that it failed to prove that his blood alcohol level was 0.10% at the time he was operating the vehicle. Trooper Dodgen testified that he stopped the appellant at 10:24 p.m. He testified that the first breathalizer test he administered at 11:37 p.m. registered 0.155%, and the second test at 11:42 p.m. registered 0.165%.
The intervening 1 hour and 13 minutes between the time of the stop and the time of the first test does not affect the admissibility of the results but rather goes to the weight to be accorded that evidence. Faust v. City of Gadsden, 639 So.2d 536 (Ala.Cr.App.1993). It was for the jury to determine if the state proved that the appellant's blood alcohol level was 0.10% or greater when he was operating his vehicle. There was sufficient evidence from which the jury could have been convinced of the appellant's guilt beyond a reasonable doubt. The trial court correctly denied the appellant's motion for a judgment of acquittal.
For the reasons discussed in Part I of this opinion, we conclude that the trial court erred in receiving into evidence certain testimony from the state trooper. The judgment in this case is therefore reversed and the cause remanded to the Circuit Court for Calhoun County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON and McMILLAN, JJ., concur.
LONG, J., dissents with opinion in which COBB, J., joins.
LONG, Judge (dissenting).
I respectfully dissent for the following reasons.
First, I believe that the language in § 32-5A-194(b)(4), Ala.Code 1975, means that evidence concerning the defendant's physical signs of intoxication may be introduced in prosecutions under § 32-5A-191(a)(1), Ala. Code 1975, as well as in prosecutions under § 32-5A-191(a)(2), Ala.Code 1975. It appears to me that "driving under the influence" as that term is used in § 32-5A-194(b)(4) refers to the general offense proscribed *1033 by § 32-5A-191, which offense may be proven either by the method set forth in § 32-5A-191(a)(1) or by the method set forth in § 32-5A-191(a)(2). See Ex parte Buckner, 549 So.2d 451, 452 (Ala.1989); Sisson v. State, 528 So.2d 1159 (Ala.1988).
Second, I do not read the Alabama Supreme Court's holding in Curren v. State, 620 So.2d 739 (Ala.1993), as standing for the proposition that either the state or the defendant is forbidden from introducing evidence concerning the defendant's physical signs of intoxication, or lack thereof, in prosecutions under § 32-5A-191(a)(1). Rather, I believe that Curren stands for the proposition that because the state, in order to sustain a conviction under § 32-5A-191(a)(1), is not required to prove that the defendant was intoxicated, a trial court would not be warranted in charging the jury that the presumption of intoxication created by a blood alcohol level of .10% or more is rebuttable by other evidence: if one is in fact driving while one's blood alcohol level is .10% or more, one is violating § 32-5A-191(a)(1). This does not mean, however, that a defendant prosecuted under § 32-5A-191(a)(1) should be precluded from presenting evidence of his lack of physical signs of intoxication in an effort to cast doubt upon the accuracy of the test results that reflect a blood alcohol level of .10% or more. In fact, as the attorney general points out in his brief to this court, the Supreme Court in Curren listed as a possible defense in a prosecution under § 32-5A-191(a)(1) that "`[t]he blood, breath, or urine tests [reflecting a blood alcohol level of .10% or more] were incorrect since the defendant did not exhibit physical signs of intoxication consistent with ... having .10% blood alcohol concentration or higher.'" Curren, 620 So.2d at 743 (quoting 4 Richard E. Erwin et al., Defense of Drunk Driving Cases § 33A.01 (3d ed. 1991). Conversely, the state, in a prosecution under § 32-5A-191(a)(1), should be allowed to present evidence that the defendant did exhibit physical signs of intoxication, as circumstantial evidence useful in convincing jurors that the results of the blood alcohol test performed on the defendant were accurate.
Finally, I disagree with the majority's suggestion that evidence relating to the physical signs of a defendant's intoxication in a prosecution under § 32-5A-191(a)(1) is, in effect, evidence of a collateral offense. It is well settled that subsections (1) and (2) of § 32-5A-191(a) "are not separate offenses, but are two methods of proving the same offensedriving under the influence of alcohol." Ex parte Buckner, 549 So.2d 451, 452 (Ala.1989). See Sisson v. State, 528 So.2d 1159 (Ala.1988). By the majority's logic, evidence presented in a prosecution under § 32-5A-191(a)(2) that a defendant's blood alcohol level was .10% or more would likewise be evidence of a collateral offense. If such evidence is in fact evidence of a collateral offense and, therefore, prima facie inadmissible, why would there ever be a need for the trial court to instruct the jury on the rebuttable presumption in § 32-5A-194(b) in a prosecution under § 32-5A-191(a)(2), since, if the premise is accepted, the jury should not have been allowed to hear evidence regarding blood alcohol test results in prosecutions under that subsection? However, it is clear from Curren and other case law that the results of blood alcohol testseven tests reflecting concentrations of .10% or more are admissible in prosecutions under § 32-5A-191(a)(2). See, e.g., Frazier v. City of Montgomery, 565 So.2d 1255, 1257 (Ala.Cr. App.1990) ("Although it is not required to do so, the prosecution may, in a prosecution under (a)(2), introduce the results of a chemical test for intoxication."). I believe that just as the results of blood alcohol tests are admissible in prosecutions under § 32-5A-191(a)(2), evidence relating to the physical signs of a defendant's intoxication should be admissible in prosecutions under § 32-5A-191(a)(1). I therefore dissent.
NOTES
[1] This statute was amended effective August 9, 1995, to change the percentage of alcohol in the blood to 0.08%. However, when the appellant was arrested, the statute required a blood alcohol level of 0.10%.