*1043
ON REMAND FROM THE ALABAMA SUPREME COURT

BASCHAB, Judge.
The appellant, Stephen Philip Meininger, was convicted of driving while under the influence of alcohol, a violation of § 32-5A-191(a)(1), Ala.Code 1975, because he was driving when his blood alcohol level was 0.10% or greater.[1] On April 19, 1996, we reversed the judgment and remanded the ease to the trial court, holding that “in prosecutions bi'ought under § 32-5A-191(a)(1), the state may not introduce evidence of the nature of that introduced in the present case concerning a defendant’s intoxication. The trial court erred by receiving into evidence Trooper Dodgen’s testimony concerning the appellant’s intoxication.” Meininger v. State, 704 So.2d 1030, 1032 (Ala.Cr.App.1996). The Supreme Court of Alabama granted the State’s petition for certiorari review and reversed this court’s judgment. Meininger v. State, 704 So.2d 1034 (Ala.1997). The Supreme Court of Alabama held:
“Meininger was prosecuted for violating § 32-5A-191(a)(l) and the trial court instructed the jury on the elements of that offense. Trooper Dodgen’s testimony concerning Meininger’s physical condition at the time of the arrest was relevant to establish probable cause to arrest. Evidence of probable cause to arrest was essential to establishing one of the material elements of the State’s ease-in-chief — that the results of the breathalizer tests showed Meininger’s blood alcohol content to be 0.10% or greater.”
704 So.2d at 1039 (footnote omitted).
Therefore, in compliance with the Alabama Supreme Court’s holding, we now affirm the appellant’s conviction for driving under the influence of alcohol.
AFFIRMED.
All judges concur.

. Effective August 9, 1995, the percentage was changed to 0.08%. § 32-5A-191(a)(1).