620 So.2d 739 (1993)
Ex parte State of Alabama.
Re William Maxwell CURREN
v.
STATE.
1920189.
Supreme Court of Alabama.
March 19, 1993.
James H. Evans, Atty. Gen., and Gregory O. Griffin, Sr., Asst. Atty. Gen., for petitioner.
Jonathan L. Tindle, Bessemer, for respondent.
INGRAM, Justice.
William Maxwell Curren was convicted under § 32-5A-191(a)(1), Ala.Code 1975, of driving a vehicle while there was 0.10% or more by weight of alcohol in his blood. Curren appealed his conviction to the Court of Criminal Appeals, arguing that the trial court's instructions to the jury regarding the elements of § 32-5A-191(a)(1) and the trial court's failure to charge the jury that the presumption that Curren was "under the influence" was a rebuttable presumption, see § 32-5A-194(b), were tantamount to a directed verdict.
The Court of Criminal Appeals held that there is a rebuttable presumption of intoxication in cases brought under § 32-5A-191(a)(1) by virtue of § 32-5A-194(b) and that failure to charge the jury on the presumption "invaded the province of the jury and amounted to a directed verdict of guilt based upon the results of the blood alcohol test alone." 620 So.2d 737 (1992). The State of Alabama petitioned this Court for a writ of certiorari, arguing that the decisions of the Court of Criminal Appeals are in conflict on the issue of whether the presumption found in § 32-5A-194(b) applies to cases brought under § 32-5A-191(a)(1). We issued that writ.
Section 32-5A-191(a)(1) provides: "A person shall not drive or be in actual physical control of any vehicle while: (1) There is 0.10 percent or more by weight of alcohol in his blood." Cf. § 32-5A-191(a)(2) (providing that "[a] person shall not drive or be in actual physical control of any vehicle while: ... (2) Under the influence of alcohol."). Section 32-5A-194(b) provides:
"Upon the trial of any civil, criminal, or quasi-criminal action or proceeding arising out of acts alleged to have been *740 committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions:
". . . .
"(3) If there were at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol."
The issue in this case is whether the presumption that a person with "0.10 percent or more by weight of alcohol" is "under the influence" applies in a case in which the defendant is charged under § 32-5A-191(a)(1) with driving or being in actual physical control of a vehicle with 0.10% or more by weight of alcohol in his blood.
Section 32-5A-191(a)(1) is commonly referred to as an "illegal per se law," and similar statutes have been enacted in other jurisdictions. See, e.g., Alaska Stat. § 28-35-030(a)(2) (1989); Ariz.Rev.Stat.Ann. § 28-692(A)(2) (Supp.1992); Ark.Code Ann. § 5-65-103(b) (Michie 1987); Cal.Veh.Code § 23152(b) (West Supp.1993); Colo.Rev. Stat. § 42-4-1202(1.5)(a) (Supp.1992); Conn.Gen.Stat. § 14-227a(a)(2) (1993); Del. Code Ann. tit. 21, § 4177(b) (1985); Fla. Stat.Ann. § 316.193(1)(b) (Harrison Supp. 1993); Ga.Code Ann. § 40-6-391(a)(4) (Michie 1991); Haw.Rev.Stat. § 291-4(a)(2) (Supp.1992); Idaho Code § 18-8004(1)(a) (Supp.1992); Ill.Rev.Stat. ch. 625, para. 5/11-501(a)(1) (1992); Ind.Code Ann. § 9-30-5.1 (Burns 1991); Iowa Code § 321J.2(1)(a) (1993); Kan.Stat.Ann. § 8-1567(a)(1) and (a)(2) (1991); Me.Rev.Stat. Ann. tit. 29, § 1312-B(1)(B) (Supp.1992); Mich.Comp.Laws § 257-625(1)(b) (1992 Supp.); Minn.Stat. § 169.121(1)(d) and (e) (1992); Mo.Rev.Stat. § 577.012 (1986); Mont.Code Ann. § 61-8-406 (1991); Neb. Rev.Stat. § 39-699.07(2)-(4) (1988); Nev. Rev.Stat.Ann. § 484.379(1)(b) (Michie 1990); N.H.Rev.Stat.Ann. § 265.82(I)(b) (Supp. 1992); N.J.Rev.Stat.Ann. § 39:4-50(a) (West 1990); N.M.Stat.Ann. § 66-8-102(c) (Michie Supp.1992); N.Y.Veh. & Traf.Law § 1192.2 (McKinney Supp.1993); N.C.Gen. Stat. § 20-138.1(a)(2) (1989); N.D.Cent. Code § 39-08-01(1)(a) (1987); Ohio Rev. Code Ann. § 44511.19(A)(2)-(4) (Anderson Supp.1991); Okla.Stat. tit. 47, § 11-902(A)(1) (1991); Or.Rev.Stat. § 813.010(1)(a) (1989); 75 Pa.Cons.Stat.Ann. § 3731(a)(4) (Supp.1992); S.D. Codified Laws Ann. § 32-23-1(a)(1) (1989); Utah Code Ann. § 41-6-44(1)(a) (1988); Vt.Stat. Ann. tit. 23, § 1201(a)(1) (Supp.1992); Va. Code Ann. § 18.2-266(i) (1988); Wash.Rev. Code §§ 46.61.502(1)-(2) and 46.61.504(1)-(2) (1992); W.Va.Code § 17C-5-2(d)(1)(E) (1991); Wis.Stat.Ann. § 346.63(1)(b) (West 1989-90). Such statutes are referred to as "per se" statutes because they "make driving an automobile with a blood alcohol concentration of .10% or more a crime without reference to the effect that alcohol may have on the driver." 4 Richard E. Erwin, Marilyn K. Minzer, Leon A. Greenberg, Herbert M. Goldstein, Arne K. Bergh, Harvey M. Cohen, Defense of Drunk Driving Cases § 33A.00, at 33A-2 (3d ed. 1991).
There are only two elements required to establish a violation of a "per se" law: (1) driving, or actual physical control of, a vehicle; and (2) a blood alcohol content of 0.10% or greater.[1]See Greaves v. State, 528 P.2d 805, 807-08 (Utah 1974) ("The statute states with sufficient clarity and conciseness the two elements necessary to constitute its violation. They are (1) a blood alcohol concentration of .10 per cent, and (2) concurrent operation or actual physical control of any vehicle."); see also, Davis v. Commonwealth, 8 Va.App. 291, 298, 381 S.E.2d 11, 15 (1989) (requires proof that "at the time [the defendant] was *741 driving his blood alcohol concentration was at least .10 percent" (emphasis in original)). Proof that the defendant was "under the influence" or that he was "intoxicated" is not required. See Long v. State, 284 Ark. 21, 24, 680 S.W.2d 686, 688 (1984) (intoxication not a violation of the "per se" law; violation per se to drive with a blood alcohol content of .10% or more); State v. Nelson, 119 Idaho 444, 447, 807 P.2d 1282, 1284-85 (Ct.App.1991) (legislative intent that prosecutions for drunk driving could be "grounded in a per se 0.10 alcohol concentration test, rather than in complicated proof over the level of impairment of any particular individual"); State v. Muehlenberg, 118 Wis.2d 502, 505, 347 N.W.2d 914, 915 (App.Ct.1984) (substantive offense is defined as act of driving with 0.10% blood alcohol content and not "driving under the influence").
Also, the "per se" statutes do not violate the prohibition against criminal statutes that declare a person "presumptively guilty" of a specified crime. In addressing this issue, the Supreme Court of North Carolina stated:
"It is well established law that a legislature may not declare an individual guilty or presumptively guilty of crime. Contrary to defendant's belief N.C.G.S. § 20-138.1(a)(2) [North Carolina's `per se' statute] does not run afoul of that prohibition. By stating that anyone who drives a vehicle upon a highway, street, or public vehicular area after having consumed such an amount of alcohol that he has a blood-alcohol concentration of 0.10 [per cent] or more at any relevant time after the driving has committed the offense of driving while impaired, the legislature has merely stated the elements of the offense, proof of which constitutes guilt. Defendant's complaint amounts to nothing more than that the statute requires him to be adjudged guilty if it is found that he has committed the act that the statute forbids. The legislature may constitutionally make it a crime for persons to have an alcohol concentration of 0.10 [per cent] or more at any relevant time after driving on the highways and public vehicular areas of this State and that is all N.C.G.S. § 20-138.1(a)(2) does."
State v. Howren, 312 N.C. 454, 458, 323 S.E.2d 335, 338 (1984); see also Davis, 8 Va.App. at 298 and n. 2, 381 S.E.2d at 15 and n. 2 (holding that evidence showing the "prescribed measurement"0.10% blood alcohol contentcreates a rebuttable presumption that "the measurement accurately reflects the blood alcohol concentration at the time of driving" but does not create a "presumption of guilt" because the State must prove "beyond a reasonable doubt" that the defendant was driving or operating a motor vehicle with a blood alcohol concentration of 0.10%).
The statutory rebuttable presumption that the defendant was intoxicated if his blood alcohol content was shown to be 0.10%, § 32-5A-194(b), Ala.Code 1975, does not apply to a prosecution for driving with 0.10% or greater blood alcohol content, § 32-5A-191(a)(1), Ala.Code 1975. The Georgia Court of Appeals in Atkins v. State, 175 Ga.App. 470, 470-71, 333 S.E.2d 441, 444 (1985), overruled on other grounds, Hogan v. State, 178 Ga.App. 534, 343 S.E.2d 770 (1986), held that the Georgia presumption statute did not apply to a "per se" violation because no "presumption" arises under the statute. The Georgia Court of Appeals specifically stated:
"The State must ... prove ... the fact of the driver's blood-alcohol content to have been 0.12% or higher, and, of course, as in OCGA § 40-6-392(a)(1) [driving `under the influence' statute], that he was driving or in actual physical control of a moving vehicle. The trial court need not instruct the jury on the presumptions provided in OCGA § 40-6-392(b)(1, 2, 3) which guide the jury in determining if the driver was `under the influence.' Being `under the influence' of alcohol is simply not a part of the crime set forth in OCGA § 40-6-391(a)(4). Instead, the trial court may instruct the jury employing the language of OCGA § 40-6-392(b)(4): `If there was at that time 0.12% or more of weight of alcohol in the person's blood, the person shall be in violation of paragraph (4) of *742 subsection (a) of Code Section 40-6-391.' In other words, a showing of [0.12% driving] is a per se violation of OCGA § 40-6-391(a)(4)."[2]
As noted above, our own statute, § 32-5A-191(a)(1), Ala.Code 1975, enacts a prohibition against driving, or being in actual physical control of a vehicle, with a blood alcohol content of 0.10% or greater. In order to find the defendant guilty of violating § 32-5A-191(a)(1), the jury is not required to find that the defendant was "under the influence" of alcohol; therefore, the jury need not "presume," in accordance with § 32-5A-194, that he was under the influence from evidence admitted as to his blood alcohol content in order to convict. For that reason, the trial court did not err in refusing to instruct the jury on the rebuttable presumptions found in § 32-5A-194(b), Ala.Code 1975.
We note also that the Court of Criminal Appeals has characterized the failure to instruct on the statutory presumptions as tantamount to a directed verdict in favor of the State. That characterization fails to recognize that the State still must prove beyond a reasonable doubt the elements previously stated, i.e., (1) that the defendant was driving or was in actual physical control of a vehicle (2) while his blood alcohol content was 0.10% or greater. See Davis, 8 Va.App. at 298 and n. 2, 381 S.E.2d at 15 and n. 2.
Certainly, a defendant can offer evidence to rebut the State's evidence that his blood alcohol content was .10% when he was found driving, or in actual physical control of, a vehicle. "The accused may challenge the test results by competent evidence, such as, for example, that he had not consumed enough alcohol in the relevant time to reach the level indicated by the chemical test results." Davis, 8 Va.App. at 300, 381 S.E.2d at 16 (citing Washington v. District of Columbia, 538 A.2d 1151 (D.C.App. 1988)). The following list of possible defenses in a prosecution for a per se violation is offered by way of example only:
"1. Time. The blood alcohol concentration at the time the test was made is not dispositive as it does not necessarily prove what the blood alcohol concentration was at the time of driving.
"2. The breath test is inaccurate and cannot be relied upon to prove the .10% absolute.
"3. The urine test is inaccurate and cannot be relied upon to prove the .10% absolute.

*743 "4. Results of the blood, breath, or urine tests were incorrect. The inaccuracy is proved by the fact that the defendant has not consumed enough alcohol to cause a .10% blood alcohol concentration.
"5. The blood, breath, or urine tests were incorrect since the defendant did not exhibit physical signs of intoxication consistent with ... having .10% blood alcohol concentration or higher.
"6. The machine is inaccurate."
Defense of Drunk Driving Cases, supra, § 33A.01 (1991).
Based on the above, we conclude that the Court of Criminal Appeals incorrectly held that intoxication is an element of the offense of driving with a blood alcohol content of 0.10% or greater. We also hold that the trial court did not err in refusing to instruct the jury on § 32-5A-194(b) presumptions. The trial court's failure to instruct the jury on those rebuttable presumptions did not have the practical effect of a directed verdict in favor of the State, because the rebuttable presumption that the defendant was intoxicated because his blood alcohol content was over 0.10% is not relevant to the charge of driving or being in actual physical control of a vehicle with a blood alcohol content of 0.10% or greater. The judgment of the Court of Criminal Appeals is reversed, and this case is remanded to that court for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.
ALMON, J., dissents.
ALMON, Justice (dissenting).
I agree with the Court of Criminal Appeals that the trial court erred in refusing the request for an instruction that evidence of a blood alcohol content of .10% gives rise only to a rebuttable presumption that the defendant was guilty of violating § 32-5A-191(a)(1), Ala.Code 1975, not an irrebuttable presumption.
The Court of Criminal Appeals has construed the applicable Code sections so as to harmonize the respective provisions. Sections 32-5A-191(a)(1) and 32-5A-194(b)(3) of the 1975 Code come from the following consecutive sections of 1980 Ala. Acts, No. 80-434:
"§ 9-102. Driving while under the influence of alcohol or controlled substances.
"(a) A person shall not drive or be in actual physical control of any vehicle while:
"1. There is 0.10 per cent or more by weight of alcohol in his blood."
"9-103. Chemical tests.
". . . .
"(b) Upon the trial of any civil, criminal, or quasi-criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:
". . . .
"3. If there were at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol."
These two sections, enacted together and employing the same phrasing, clearly must be construed together and harmonized if possible. As the Court of Criminal Appeals stated, the State argues that they "cannot be reconciled" and, in effect, argues that § 32-5A-194(b)(3) should therefore be ignored when the State introduces evidence of a blood alcohol test giving a reading of.10% or more. The provisions of a statute should be read together and harmonized if possible.
"A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other *744 part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed."
Singer, Sutherland Statutory Construction, § 46.05 (5th ed., 1992 revision) (citations omitted).
The presumption created by § 32-5A-194(b)(3) has been held to be a rebuttable presumption, not an irrebuttable one. Salazar v. State, 505 So.2d 1287 (Ala.Crim. App.1986); Sides v. State, 574 So.2d 856 (Ala.Crim.App.), affirmed, 574 So.2d 859 (Ala.1990). The majority's holding here makes the presumption irrebuttable in a prosecution under § 32-5A-191(a)(1).
As can be seen from § 9-102 of Act No. 80-434, as well as from the title of § 32-5A-191, the offense prohibited by that section is "driving while under the influence of alcohol." Thus, any appearance from § 32-5A-191(a)(1) that it creates what the majority calls a "per se" offense is contradicted by the section's title, as well as by § 32-5A-194(b)(3). If the offense is driving under the influence of alcohol, it would seem that the defendant can rebut the evidence of the blood alcohol test by evidence that his driving was not influenced by alcohol. In fact, the majority quotes the following as a "possible defense" to a prosecution under § 32-5A-191(a)(1):
"The blood, breath, or urine tests were incorrect since the defendant did not exhibit physical signs of intoxication consistent with ... having .10% blood alcohol concentration or higher."
620 So.2d at 743. This is couched in terms of rebuttal to the blood alcohol tests, but it assumes that the alcohol's influence on the person is important. Should a jury be instructed that, if the evidence of the defendant's behavior convinced the jury that the blood alcohol test was wrong, it could acquit the defendant, but that it could not consider the evidence as rebutting the State's case if it believed that the test result was correct? Such an instruction would be confusing and would focus the jury's attention on the administration of the chemical test to the exclusion of the main question of whether the defendant was driving under the influence of alcohol.
Moreover, it seems to me that this defense should require an affirmance of the judgment of the Court of Criminal Appeals. If the blood alcohol evidence can be rebutted by evidence of the defendant's physical condition, the requested instruction should have been given. This defense simply takes the rebuttal evidence one step further in abstraction. In effect, the defendant can say, "A person who has a true blood alcohol concentration of .10% will exhibit physical signs of being under the influence of alcohol. I have introduced evidence that I was not under the influence of alcohol. Therefore, the test must have been wrong, and my true blood alcohol concentration was less than .10%." This is a roundabout way of defending against the charge, but it seems to be what the majority is allowing by its quotation from the treatise.
More directly to the point is the fact that this Court has held that subsections (a)(1) and (a)(2) of § 32-5A-191 "are merely two different methods of proving the same offense driving under the influence." Sisson v. State, 528 So.2d 1159, 1162 (Ala. 1988). The majority opinion in this case implicitly overrules Sisson. As long as it has evidence of a blood alcohol test reading of .10% or higher, the State can choose for its own reasons whether to indict under (a)(1) or (a)(2). Under the new rule announced today, if the State indicts the defendant under § 32-5A-191(a)(2), the defendant can rebut the State's evidence by submitting evidence that his physical condition was not impaired, see Salazar, supra, Sides, supra, and Ex parte Buckner, 549 So.2d 451 (Ala.1989), but if the State indicts him under § 32-5A-191(a)(1), the defendant can rebut the State's evidence only by trying to prove that the test gave an incorrect blood alcohol reading. Thus, in a prosecution under (a)(2), unimpaired physical condition is a proper defense even if the jury accepts as accurate a blood alcohol test result of .10% or more, but unimpaired physical condition is not a defense to a prosecution under (a)(1) if the jury accepts the blood test as accurate. These defenses *745 are clearly very different, so I cannot see how the offenses are the same, as the Court held in Sisson, supra.
I accept as undisputed the proposition that the legislature can make it a criminal offense for a person to operate a motor vehicle while the concentration of alcohol in his blood is .10% or more, without regard to whether that concentration makes him "under the influence" of alcohol in any other respect. I simply believe that the statute before us does not unambiguously create such an offense. The holding that § 32-5A-191(a)(1) does create such an offense leads to irreconcilable conflicts with other portions of Act No. 80-434. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971) (citation omitted); State ex rel. Graddick v. Jebsen S. (U.K.) Ltd., 377 So.2d 940 (Ala. 1979); State v. Spurlock, 393 So.2d 1052 (Ala.Crim.App.1981).
Because I would affirm the judgment of the Court of Criminal Appeals, I must respectfully dissent.
NOTES
[1] Some of the other states with a "per se" statute have reduced to 0.08% the blood alcohol content required to be proven for a violation. See, e.g., Cal.Veh.Code § 23152(b) (West Supp.1993); Me.Rev.Stat.Ann. tit. 29, § 1312-B(1)(B) (Supp. 1992); Or.Rev.Stat. § 813.010(1)(a) (1989); Utah Code Ann. § 41-6-44(1)(a) (1988); Vt.Stat.Ann. tit. 23, § 1201(a)(1) (Supp.1992). Georgia prohibits those under 18 years of age from driving with 0.06% blood alcohol content or greater. See Ga.Code Ann. § 40-6-391(k) (1991).
[2] The issue in Hogan v. State, 178 Ga.App. 534, 343 S.E.2d 770 (1986), was whether the "per se" violation and an "under the influence" violation were two different crimes. The Georgia Court of Appeals stated:

"Under OCGA § 40-6-391 subsections (a)(1), (2), and (3), being `under the influence' and `to a degree which renders [one] incapable of driving safely' are not two separate elements. They are equivalent concepts describing a physical condition. One is not `under the influence' of an intoxicant unless he is intoxicated `to a degree which renders [him] incapable of driving safely.' The condition proscribed by OCGA § 40-6-391(4) is merely that of having at least 0.12 percent blood-alcohol count. As with robbery or any other crime which may be accomplished in alternative ways, the evidentiary elements of proof of the commission of the crime proscribed by OCGA § 40-6-391 will, of necessity, vary depending upon the alternative manner or manners in which it is alleged that the crime was actually committed, to wit: driving while in the condition of intoxication denominated as `under the influence' or driving in the condition of intoxication demonstrated by 0.12 percent blood-alcohol level. It is true that the `DUI' heading that currently precedes the crime enacted by the legislature as OCGA § 40-6-391 has no legal effect and is probably a misnomer. However, the Supreme Court [of Georgia] has referred to the enactment as `the DUI statute.' So too will we.
"Thus the proper construction of OCGA § 40-6-391 is as follows: The commission of the crime of DUI by violating OCGA § 40-6-391(a)(1), (a)(2), or (a)(3) may include as an element of proof thereof, those presumptions or inferences which are established by OCGA § 40-6-392(b)(1), (b)(2), or (b)(3). The crime of DUI by violating OCGA § 40-6-391(a)(4) differs only in that proof merely of the commission of a proscribed specific act is sufficient without resort to any inference or presumption."
178 Ga.App. at 536, 343 S.E.2d at 772 (emphasis in original). Therefore, Hogan overruled that portion of the Atkins opinion that had held that the "per se" violation and the "under the influence" violations were two different crimes. The holding of the Georgia Court of Appeals in Atkins that the presumptions do not apply in a prosecution for a "per se" violation was not overruled by Hogan.