I think the Court of Criminal Appeals correctly applied the law as stated by this Court in Curren v. State, 620 So.2d 739
(Ala. 1993). I dissented in Curren, and I would vote to overrule that case if the question whether to do so was presented. I agree with the Court of Criminal Appeals that, given the law as it existed at the time of Meininger's trial, the circuit court erred in allowing Trooper Dodgen to testify as to Meininger's physical condition.
Meininger squarely presented to the circuit court his position that the Curren rule, which prevents a defendant charged under § 32-5A-191(a)(1) from presenting evidence that he was not in an impaired condition, should prevent the State from presenting evidence that he was in an impaired condition. Furthermore, he offered to stipulate that Trooper Dodgen had probable cause to arrest him, so that the inadmissible and unfairly prejudicial evidence (as the rule of Curren would have it) of his impaired condition *Page 1040 
would not be "admissible" to prove probable cause. The State's refusal to accept this stipulation is a telling indication that the State wanted to put on evidence of his physical condition to show not only that his blood alcohol content was above .10%, but also that he was driving in an impaired condition. This was unfairly prejudicial because, under Curren, Meininger was precluded from presenting any evidence that he was not in fact in an impaired condition.
After the qualification of the jury, the trial began with the following proceedings outside the presence of the jury:
 "THE COURT: Let the record reflect that all the parties are present with their attorney. You have something, Mr. Mastin?
 "MR. MASTIN [attorney for Meininger]: Yes, sir, Judge. I've got an oral motion in limine requesting that the state be prohibited from [introducing] testimony regarding the defendant's sobriety or lack thereof at the time of the stop itself; specifically, the roadside sobriety test and the officer's opinions as to his condition at the time of the arrest, in that this is a charge in the indictment; specifically, (a)(1) [i.e., § 32-5A-191(a)(1)], which the two elements are that he was in control of the automobile, and while in control, his blood alcohol was .10[%] or above. It's my understanding that we would be prohibited from showing in this situation that Mr. Meininger's driving was not impaired or that he was stone cold sober. None of that testimony is relevant. We would, on the flip side, ask that the state not be allowed to produce evidence showing his level of intoxication outside the test results itself.
"THE COURT: Ms. Hammond?
 "MS. HAMMOND [assistant district attorney]: Judge, the state would respond simply by saying that the state must prove that there was probable cause to make the arrest for DUI, and as a basis of this, it was just the trooper's observation, any tests that he might have performed to form that opinion and that observation and what he may have observed in and around the defendant and about the defendant, and I think it's most relevant and that it is part of (a)(1). I would concede that we have two elements to prove; that is true. We do not have to prove that he was impaired at the time he was driving. However, we are not using the field sobriety test to show that he was impaired; we are using the field sobriety test to support our probable cause for arrest for DUI and therefore administering the I-5000 later by the trooper in this particular case.
"THE COURT: Anything else?
 "MR. MASTIN: Judge, we would also state for the record that we have offered to stipulate that Officer Dodgen, the state trooper in this matter, stopped the defendant for a missing headlight. Upon investigation, he determined that the defendant had been drinking and had probable cause to make an arrest at that point in time. We have offered to stipulate to that. I understand that the state has not agreed to that.
 "MS. HAMMOND: Judge, I don't think the state is in a position to stipulate to that as our probable cause to make the arrest. I think it's important that the jury understand and be informed as to the basis of the probable cause.
 "MR. MASTIN: Judge, that goes to the exact contrary to what she is saying, wanting to show that as to the proof of the matter of probable cause. Why would the jury be concerned whether he was knockdown drunk if all they charged him with was (a)(1)? I think it just shows prejudicial —
"THE COURT: Well — Go ahead; I'm sorry.
"MR. MASTIN: That's my point.
 "THE COURT: Okay. I thought you were about through. I wasn't trying to cut you off. I was beginning to think out loud.
 "Is the state planning on going into detail as to the field sobriety test?
 "MS. HAMMOND: No, sir. The case I showed you, [Morgan v. City of Vestavia Hills, 628 So.2d 1047
(Ala.Crim.App. 1993)], it shows what the state must put forth, and part of that was the field sobriety test and the officer that testified as to the field sobriety test. We would be able to ask questions asking, not necessarily *Page 1041 
what field sobriety test he asked the defendant to perform, but his conclusion as to his performance based on his observations, training, knowledge and skill. We wouldn't ask him to go into great detail.
 "Also, there would be testimony from other observations other than the field test: Eyes, demeanor, person, others.
 "THE COURT: I am going to deny the motion in limine."
The majority uses ellipses to omit what I consider significant portions of the record. The following question is quoted by the majority, but the objection and the ruling on it are not:
 "Q. Once you approached Mr. Meininger, what, if anything, did you notice about him or his person?
 "MR. MASTIN: We object at this time and renew our earlier objection from the motion in limine objecting to any testimony as to Mr. Meininger's physical condition at the time and as grounds state that he's charged with Code Section (a)(1). None of his physical condition is relevant to that particular prosecution.
"THE COURT: I'm going to overrule."
Again, shortly thereafter:
 "Q. Based on your knowledge, skill and training and his performance in these tests, do you have any opinion as to his performance?
 "MR. MASTIN: Judge, we renew our objection. We can state that in full if the Court feels like it's necessary.
 "THE COURT: Do you assign the same grounds you stated before?
"MR. MASTIN: Yes, sir.
"THE COURT: Overruled."
I would hold that this evidence was admissible as tending to prove that Meininger was in fact "under the influence" of alcohol. I would similarly hold that a defendant should be allowed to introduce evidence that his condition was not impaired. Under the Curren rule, however, I do not agree with the majority's rationale, which allows the State to introduce evidence of the defendant's impaired condition, supposedly to show that the arresting officer had probable cause to arrest the driver suspected of driving under the influence. I would hold that, so long as a defendant offers to stipulate to probable cause, as Meininger did, evidence of impaired condition is inadmissible because, according to the Curren
rule, it is not relevant to the offense charged and unfairly prejudices the defendant by calling to the jury's attention extraneous matters.
In Curren v. State, 620 So.2d 739 (Ala. 1993), the majority of this Court held that evidence that the defendant's condition was not impaired is not a defense to a charge of violating Ala. Code 1975, § 32-5A-191(a)(1), driving while "[t]here is 0.10 per cent or more by weight of alcohol in his blood." I pointed out in my dissent several reasons why I thought the majority decision was wrong. For example:
 "As can be seen from § 9-102 of Act No. 80-434, [Ala. Acts 1980,] as well as from the title of § 32-5A-191, the offense prohibited by that section is 'driving while under the influence of alcohol.' Thus, any appearance from § 32-5A-191(a)(1) that it creates what the majority calls a 'per se' offense is contradicted by the section's title, as well as by § 32-5A-194(b)(3). If the offense is driving under the influence of alcohol, it would seem that the defendant can rebut the evidence of the blood alcohol test by evidence that his driving was not influenced by alcohol."
620 So.2d at 744 (Almon, J., dissenting).
Of course, I would prefer to see Curren overruled, so that both sides can offer evidence of impairment or the lack thereof as bearing on the true question of whether the defendant was driving under the influence of alcohol, as I explained in my dissent in Curren.
I note that the majority holds that § 32-5-192, Ala. Code 1975, the implied consent law, applies to prosecutions under §32-5A-191(a)(1), even though the implied consent law applies only to situations where a person is suspected of "driving . . . while under the influence of intoxicating liquor":
 "(a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of *Page 1042 
determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor."
§ 32-5-192(a) (emphasis added). I agree with the majority that the clear legislative intent was for this statute to apply to prosecutions under § 32-5A-191(a)(1). However, unlike theCurren majority and the majority today, I also think that the clear legislative intent was for the presumptions of §32-5A-194(b) (and, of course, the admissibility provisions of §32-5A-194(a)) to apply to a prosecution under §32-5A-191(a)(1).
I also note in regard to § 32-5-192(a) the provisions regarding "lawfully arrested" and "reasonable grounds." Certainly, if a defendant contests the traffic stop or the administration of a blood alcohol test, the question either of "lawful arrest" pursuant to "probable cause" or of "reasonable grounds" would make evidence of the defendant's condition admissible. Even if the defendant does not contest these issues, the evidence might ordinarily be part of the State's case-in-chief. However, Meininger offered to stipulate to probable cause, lawful arrest, and reasonable grounds to administer the test, so that the unfairly prejudicial evidence of his condition (again, unfairly prejudicial only because ofCurren) would not be admissible. I think it was error to deny Meininger's motion in limine and to overrule his objections.
It is difficult to register my vote in this case, because, ifCurren remains the law, then I think the Court of Criminal Appeals correctly held that the State should not have been allowed to introduce the trooper's testimony that Meininger did not pass a field sobriety test. Because Curren precluded Meininger from meeting this prejudicial evidence with any evidence to rebut it, I dissent from the reversal of the judgment of the Court of Criminal Appeals. However, I continue to believe that Curren was wrongly decided. The strained reasoning of this case, deriving from what I consider to be incorrect reasoning in Curren, further highlights the problems arising from Curren's "per se" offense of driving while "there is 0.10 percent or more by weight of alcohol in [the driver's] blood." If Curren were overruled, as I think it should be, then I would hold that a trial court should allow an arresting officer to testify as to a driver's condition.
I understand the need for enforcement of the laws against driving under the influence of alcohol or controlled substances, and I agree that law enforcement officers should be allowed to testify as to the condition of a driver they have arrested under suspicion of violating these statutes. However, to allow an officer so to testify over pointed objections such as were made in this case allows the State, as Meininger's response to the State's petition says, to "have its cake and eat it too." To me, it is patently unfair to allow the State to introduce evidence that is irrelevant to the offense charged but will prejudice the defendant in the jury's eyes, and then to preclude the defendant from introducing any evidence that might answer or diminish the prejudicial effect of the State's evidence. I would overrule Curren v. State, but I would affirm the reversal by the Court of Criminal Appeals of Meininger's conviction, because Meininger was deprived of his fundamental right to a fair trial. I respectfully dissent.