The appellant, Craig Allen Cox, was convicted of criminal trespass in the third degree and was sentenced to serve 60 days in the county jail. His sentence was suspended, and he was placed on one year's supervised probation.
At trial, the appellant's ex-wife testified that on December 28, 1995, she was living with her father and Delisa Green at her father's home. She and Green drove her father to work at between approximately 3:15 a.m. and 3:30 a.m. and they saw the appellant parked near her father's house in a burgundy and silver van. She said that both she and her father had told the appellant to stay away from her father's property. The ex-wife and Green returned to the house at approximately 4:30 a.m. and found the dead bolt on the front door unlocked and saw the appellant leaving the house. She later discovered that a window had been raised in her father's room and that documents pertaining to her divorce from the appellant were missing. She said that the appellant produced the missing documents at a subsequent hearing. The ex-wife's testimony was essentially corroborated by the testimony of her father and Delisa Green. The appellant testified in his own behalf; he testified that he was house-sitting on December 28 and that he did not go to his former father-in-law's house. He also said that he had not been told to stay away from the property. At the time of trial, the appellant was driving a maroon-colored van that belonged to the woman to whom he was then married, but he testified that he did not have the keys to the van on December 28. His testimony was essentially corroborated by the testimony of his wife.
 I.
The appellant contends that the trial court erred in entering a verdict of guilty[1] and in denying his motion for a new trial. He argues that the evidence was insufficient to find him guilty beyond a reasonable doubt, because his wife testified that he did not have the keys to her van and that the van never left her driveway on the night in question.
However, the evidence offered by the State was sufficient, if believed by the trial court, to prove that the appellant had committed the offense of criminal trespass in the third degree. When evidence is presented to the trial court ore tenus, the court determines the weight and credibility of the testimony, and its findings based on ore tenus evidence will not be disturbed on appeal unless the record reveals those findings are palpably wrong or manifestly unjust. Busey v. State,56 Ala. App. 205, 320 So.2d 709 (Ala.Cr.App. 1975), cert. denied,294 Ala. 753, 320 So.2d 713 (1975). Here, the trial court obviously found the testimony of the appellant's ex-wife, her father, and Delisa Green more credible than that of the appellant and his current wife. Because there is no evidence that the findings of the trial court were clearly wrong, this Court will not disturb the judgment of the trial court on appeal.
 II.
The appellant also contends that his sentence of 60 days' imprisonment is twice the lawful maximum sentence. The State agrees and requests that this case be remanded for resentencing.
Section § 13A-7-4(b), Code of Alabama 1975, defines criminal trespass in the third degree as a "violation." The sentence for a violation is "a definite term of imprisonment in the county jail, not to exceed 30 days." § 13A-5-7(b), Code of Alabama
1975. Therefore, this case is due to be, and it is hereby, remanded for resentencing within the statutory limit.
AFFIRMED AS TO CONVICTION; REMANDED FOR RESENTENCING.
All judges concur. *Page 527 
 On Return to Remand
[1] The appellant waived his right to trial by jury.