WELCH, Judge.
Delila Wigginton Pierce appeals from her conviction, following a bench trial in the Lauderdale Circuit Court, for driving under the influence (“DUI”), in violation of § 32-5A-191(a)(2), Ala.Code 1975. Pierce was sentenced to 12 months in the county jail. Pierce was given credit for time served, and the remainder of her sentence was suspended. Cost and fines were assessed.
Pierce contends on appeal that the trial court committed reversible error when it allowed the State, over defense counsel’s objections, to present evidence pertaining to the Draeger Breath Alcohol Test administered to Pierce following Pierce’s DUI arrest. Pierce objected on the grounds that the State failed to lay a proper predicate for the admission of the evidence.
“The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court’s determination on that question will not be reversed except upon a clear showing of abuse of discretion.” Ex parte Loggins, 771 So.2d 1093, 1103 (Ala.2000). Where as here, “ ‘ “evidence is presented to the trial court ore tenus in a nonjury case, a presumption of correctness exists as to the court’s conclusions on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.” ’ ” Ex parte Jackson, 886 So.2d 155, 159 (Ala.2004)(quoting State v. Hill, 690 So.2d 1201, 1203 (Ala.1996), quoting in turn, Ex parte Agee, 669 So.2d 102, 104 (Ala.1995)). Moreover, “[w]hen evidence is presented to the trial court ore tenus, the court determines the weight and credibility of the testimony, and its findings based on ore tenus evidence will not be disturbed on appeal unless the record reveals those findings are palpably wrong or manifestly unjust.” Cox v. State, 710 So.2d 525, 526 (Ala.Crim.App.1997), citing Busey v. State, 56 Ala.App. 205, 320 So.2d 709 (Ala.Crim.App.1975).
Sections 32-5A-191 (a)(1) and (a)(2), Ala. Code 1975, provide two different methods of proving the offense of driving under the influence of alcohol. Sisson v. State, 528 So.2d 1159, 1162 (Ala.1988). Section 32-5A-191(a)(l) provides that “[a] person shall not drive or be in actual physical control of any vehicle while ... there is 0.08 percent or more by weight of alcohol in his or her blood.” Section 32-5A-191(a)(2) provides that “[a] person shall not drive or be in actual physical control of any vehicle while ... [u]nder the influence of alcohol.” As previously stated, Pierce was charged with, and prosecuted for, violating subsection (a)(2) of § 32-5A-191.
The record reflects that at 10:00 p.m. on November 2, 2012, Officer Monty Merri-man, an enforcement agent with the ABC Board, was working in downtown Florence from an unmarked patrol vehicle. He observed the vehicle being driven by Pierce and became suspicious that the driver might be impaired. Officer Merriman ac *66 tivated his video equipment to record Pierce’s vehicle and his subsequent personal encounter with her. The video was played for the trial court. Officer Merri-man testified that he followed.Pierce’s vehicle because the vehicle was swerving within its lane. Upon following Pierce, Officer Merriman observed the vehicle do the following: weave, swerve, and travel down the middle of the road, twice almost strike a concrete lane divider, and straddle the center line dividing the lanes when traveling across a bridge. Officer Merri-man activated the blue lights on his vehicle, and Pierce appeared not to notice but continued driving. Officer Merriman had to “bump” his siren several times before Pierce pulled over. (R. 6.) Upon stopping Pierce, Officer Merriman testified to the following: When Pierce rolled her window down, Officer Merriman immediately smelled an odor of alcoholic beverages on her person, and, when Pierce got out of her vehicle, she was unsteady on her feet, stumbled, and Officer Merriman had to catch her to keep her from falling. Merri-man administered the following field-sobriety tests: horizontal gaze nystagmus (“HGN”) test, the one-leg-stand test, and the walk and turn test. Evidence of the HGN test was not allowed. However, Officer Merriman testified that Pierce was unsteady on her feet and that she failed the other field-sobriety tests and almost fell down when attempting one of the tests. It was Merriman’S opinion that Pierce was driving while intoxicated; thus, he arrested her for DUI.
Upon arriving at the Lauderdale County Detention Center, an attempt was made to administer Pierce the Draeger Breath Alcohol Test, which is a breath test that measures a person’s blood-alcohol content. Pierce consented to take the test. Officer Merriman administered “approximately nine different tests” but was able to obtain only “[o]ne good sample” because Pierce merely pretended to blow air into the mouthpiece. (R. 13, 15.) Officer Merri-man testified that absent two good samples, there is no report generated from the test on site, but rather, “[the Draeger machine] sends the information to Montgomery” and the Department of Forensic Sciences there issues a “data pack” and certificate reporting the findings from the Draeger Test. (R, 15.) Pierce’s certificate reported the result of her Draeger Breath Alcohol Test as a “refusal,” which reflects that the officer was unable to administer the test or that the defendant refused to take the test. (R, 16.) However, data from the one “good” test reflected that Pierce’s blood-alcohol content at the time of the test was in a range between .17 to 0.21.[1]
This Court agrees with the State’s assertion on appeal that, were the admission of the testimony regarding the Draeger Breath Test error, that error was harmless.
Pierce was charged with driving a vehicle while “under the influence of alcohol” as set forth in § 32-5A-191(a)(2), Ala.Code 1975. The phrase “under the influence of alcohol” is not defined by statute, but the Supreme Court of Alabama has defined the phrase to mean “that the defendant was under the influence of alcohol to the extent that it affected his ability to operate his vehicle in a safe manner.” Ex parte Buckner, 549 So.2d 451, 453 (Ala.1989). In contrast, driving under the influence charged under (a)(1) does not re *67 quire proof that a vehicle was operated in an unsafe manner. Subsection (a)(1) has two elements: “(1) driving, or actual physical control of, a vehicle; and (2) a blood alcohol content of 0.[08]% or greater.” Curren v. State, 620 So.2d 739, 740 (Ala.1993). Section 32-5A-191(a)(l) is “referred to as ‘per se’ statute[ ] because [it] *make[s] driving an automobile with a blood alcohol concentration of .[08]% or more a crime without reference to the effect that alcohol may have on the driver.’ ” Curren, 620 So.2d at 740 (quoting 4 Richard E. Erwin, Marilyn K. Minzer, Leon A. Greenberg, Herbert M. Goldstein, Arne K. Bergh, Harvey M. Cohen, Defense of Drunk Driving Cases § 33A.00, at 33A-2 (3d ed.l991)(emphasis added in Curren). Thus, evidence of Pierce’s blood-alcohol content was not an element of the charged offense. Nevertheless, evidence of blood-alcohol content is admissible in a DUI case charged under subsection (a)(2).
“Although it is not required to do so, the prosecution may, in a prosecution under (a)(2), introduce the results of a chemical test for intoxication. See Cains [v. State], 555 So.2d [290,] at 298 [ (Ala.Cr.App.1989) ]; Briggs v. City of Huntsville, 545 So.2d 167, 169 (Ala.Cr.App.1988), writ quashed, 545 So.2d 171 (Ala.1989), overruled on other grounds herein; Jemison v. State, 513 So.2d 47, 49 (Ala.Cr.App.1987), overruled on other grounds herein.”
Frazier v. City of Montgomery, 565 So.2d 1255, 1257 (Ala.Crim.App.1990).
The standard for determining whether error is prejudicial or harmless is whether the evidence in error was “harmless beyond a reasonable doubt.” Schaut v. State, 551 So.2d 1135, 1137 (Ala.Crim.App.1989), citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Hei*e, excluding evidence about the Draeger Test, Officer Merriman’s testimony regarding Pierce’s erratic and unsafe driving, the strong smell of alcohol on Pierce’s person, Pierce’s failing the field-sobriety tests, Pierce’s almost falling down, a videotape of her driving, and Officer Merriman’s opinion that Pierce was driving while intoxicated provided overwhelming evidence that Pierce was driving a vehicle while she was under the influence of alcohol. Thus, even if the trial court erred in admitting the evidence in question, such error was harmless beyond a reasonable doubt because the evidence against Pierce was overwhelming. See Cumbie v. City of Montgomery, 703 So.2d 423 (Ala.Crim.App.1997)(holding that because the evidence of the appellant’s intoxication, even without the evidence provided by the HGN test, was overwhelming, any error in the admission of the HGN test was harmless beyond a reasonable doubt); see Rule 45, Ala. R.App. P.
Moreover, because this was a bench trial, this Court presumes that the trial court gave proper weight to all the evidence. Accordingly, the trial court could not have found Pierce guilty unless it found that she had violated § 32-5A-191(a)(2), Ala.Code 1975; thus, any error in the admission of the Draeger Test was harmless because it provided evidence cumulative to Officer Merriman’s testimony that Pierce was intoxicated, but it did not establish the element of unsafe driving. Thus, any error in the admission of evidence regarding the Draeger Breath Test and Pierce’s blood-alcohol content was harmless beyond a reasonable doubt.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. The testimony was that the good test reflected a blood alcohol content of .19. Further, "[i]f [Pierce] had provided another sample [the Department of Forensic Sciences] would allow it to vary by .02 so she could’ve been as low as .7 or as high as a .21.” (R, 33-34.) The reference to a low of ,7 is obviously a typographical error, because .19 less .02 equals .17.